Maxim B. Litvak (CA Bar No. 215852)
Harry D. Hochman (CA Bar No. 132515)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, CA 94111-4500
Telephone: 415.263.7000
Facsimile: 415.263.7010
E-mail: mlitvak@pszjlaw.com
       hhochman@pszjlaw.com

Attorneys for Defendants PLC Diagnostics, Inc.,
National Medical Services, Inc. dba NMS Labs;
LDIP, LLC, Reuven Duer and Eric Rieders

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EUROSEMILLAS, S.A., a Spanish corporation,<br><br>                        Plaintiff,<br><br>            v.<br><br>PLC DIAGNOSTICS, INC., a Delaware corporation; NATIONAL MEDICAL SERVICES, INC. dba NMS LABS, a Pennsylvania corporation; LDIP, LLC, a Delaware limited liability company; REUVEN DUER; ERIC RIEDERS; and Does 1 through 10, inclusive,<br><br>                        Defendants. | Case No.: 3:17-cv-03159-MEJ<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:   September 7, 2017<br>Time:  10:00 a.m.<br>Place:  450 Golden Gate Ave.<br>          Courtroom B – 15th Floor<br>          San Francisco, CA<br><br>Judge:  Hon. Maria-Elena James |

DOCS_LA:308019.3 70872/002

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................. 1
II. ARGUMENT ........................................................................................................................ 2
    A. The Complaint Does Not Adequately Allege the Existence of a Contract ................... 2
    B. Fraud is Inadequately Alleged ...................................................................................... 5
    C. The Wrongful Foreclosure Claim Has Been Abandoned ............................................. 6
    D. Unfair Competition is Inadequately Alleged ................................................................ 6
    E. The "Tort of Another" Doctrine is Inapplicable ........................................................... 7
III. CONCLUSION ..................................................................................................................... 8

DOCS_LA:308019.3 70872/002

**TO THE HONORABLE MARIA-ELENA JAMES, UNITED STATES MAGISTRATE JUDGE, AND TO EUROSEMILLAS, S.A., AND ITS COUNSEL OF RECORD:**

Defendants PLC Diagnostics, Inc. ("PLC"), National Medical Services, Inc. dba NMS Labs ("NMS"); LDIP, LLC ("LDIP"), Reuven Duer and Eric Rieders (collectively, "Defendants") submit the following reply to the Opposition of Eurosemillas, S.A. ("Plaintiff") to Defendants' Motion to Dismiss the First Amended Complaint (the "Complaint"), and respectfully represent as follows:

# I.

# INTRODUCTION

Continually, in the original and amended version of the Complaint, and in its Opposition, Plaintiff fails to recognize the distinction between pleading ***facts*** and ***conclusions***. To plead that Plaintiff was a party to a contract with NMS and PLC is to plead a conclusion. Plaintiff's problem is a lack of facts showing that any contract was ever finalized. Having retreated from its initial implication that there was a signed agreement, the additional exhibits added by Plaintiff to the new iteration of its Complaint affirmatively ***disprove*** that an intercreditor agreement was ever finalized between Plaintiff, NMS and PLC. The existence of several unexecuted draft documents, none binding, does not translate into a factual issue concerning "which version of the Intercreditor Agreement they intended to bind them…." Opp. at 4. For that statement to be valid, there would need to be several competing versions of a binding contract. And, without a contract to interpret, Plaintiff's offer to provide interpretive guidance through an unexplained (and logically impossible) "course of performance" or through parol evidence is legally irrelevant. There is no contract to interpret or to sue upon.

The same failure to distinguish between facts and conclusions is fatal to Plaintiff's fraud claim. Fraud is not adequately pled by alleging that defendants engaged in fraud. Rule 9(b)'s requirement that a person accusing another of fraud specifically identify who said what to whom, when and where, is not satisfied by

1

saying that multiple persons "engaged in a pattern of intentional, willful, and malicious misrepresentations" in "San Francisco and Santa Clara Counties" in "October 2014 and the months that followed." Opp. at 9. Finally, Plaintiff does not attempt to defend its wrongful foreclosure claim, and its unfair competition claim fails to identify an unfair practice.

Plaintiff's bugaboo in this case is *facts* – it has none. There is no contract and there is no fraud. Two attempts are more than enough. The Complaint should be dismissed without leave to amend.

## II.

## ARGUMENT

### A.  The Complaint Does Not Adequately Allege the Existence of a Contract

In the initial version of the Complaint, Plaintiff alleged that it, NMS and PLC, along with iNDx, had entered into an Intercreditor Agreement dated October 22, 2014, but attached only a partially executed document. This time, Plaintiff admits there is no signed contract; instead it attaches a draft document (Ex. D to the Complaint), appearing to be an unsigned and undated March 2016 markup of an unsigned and undated January 2015 draft intercreditor agreement. This draft document has various recitals, some old, some new, and some interlineated. While draft recitals in an unsigned document may have little or no probative value *per se*, the Court may certainly take note of the fact that there is not a single reference to the existence of the purported October 22, 2014 Intercreditor Agreement on which the Complaint was originally based.

Accordingly, the new argument is that "Plaintiff's claims do not turn on whether NMS signed the agreement." Opp. at 2. Why not? Because "[t]he recitals quoted below and Defendants' course of performance evince the existence of a valid Intercreditor Agreement." *Id*. Plaintiff's argument, in essence, is that because the draft document is entitled "Amended and Restated Intercreditor Agreement," there must already have been an intercreditor agreement in existence. *Id*. But Plaintiff's

DOCS_LA:308019.3 70872/002

Exhibit D reflects on its face that there was no existing agreement *with Plaintiff*. As explained in the Motion, the existing agreement to which the draft was referring, by its definitions, was the October 28, 2014 agreement between NMS and PLC, to which *Plaintiff was not a party*.[1] Those recitals do not suggest that there was any preexisting intercreditor agreement to which Plaintiff was a party; to the contrary, they disprove it. And there is no allegation that anything came of the January 2015 and March 2016 drafts either; while it appears there were intermittent discussions about amending and restating the NMS/PLC intercreditor agreement in a manner that would make Plaintiff a party, once again nothing was consummated.

"Course of performance" is an irrelevant concept. Even if it were relevant, no facts are alleged, or could be alleged, concerning "performance" of an intercreditor agreement, which by nature does not have ongoing performance obligations but is a declaration of parties' respective rights in collateral. First, without a contract to interpret, "harmonious performance" has no meaning. Plaintiff offers unattributed hornbook snippets such as: "Courts often consider the course of performance because of the commonsense belief that when the parties perform under a contract, without objection or dispute, they are fulfilling their understanding of the terms of the contract. This is true regardless of the actual language of the contract, as long as the parties' interpretation is reasonable." Opp. at 5. To the same effect, it offers, again without citation, that "there is no reason why that [harmonious] performance should be considered irrelevant to the meaning of the contract even if later the parties cannot produce a fully-executed copy of the contract." *Id*. But these arguments put the cart before the horse: Plaintiff has not pled facts supporting its conclusory allegation that it entered into an intercreditor agreement with NMS and PLC. Its own documents show

---

[1] As noted in the Motion, had there actually been an October 22, 2014 intercreditor agreement between Plaintiff, NMS and PLC, as originally alleged, there would have been no need for an October 28, 2014 intercreditor agreement between NMS and PLC or what appears to have been an unconsummated January 2015 draft agreement.

3

DOCS_LA:308019.3 70872/002

conclusively that there was none.  Without a contract to interpret, rules of contract interpretation, whether by course of performance or parol evidence, are irrelevant.

Furthermore, Plaintiff does not and cannot allege any facts concerning the parties' purported performance under their purported contract.  The reason is clear.  The purported contract is an intercreditor agreement.  It defines and assigns the respective rights of secured creditors in their collateral.  It has no ongoing performance obligations, at least until collection efforts are undertaken.  And here, once again, Plaintiff's own allegations disprove its theory that the parties' conduct evidences an agreement: when it came time for NMS and PLC to perform the obligations that Plaintiff alleges it was owed under the purported contract, NMS and PLC refused to do so.  In fact, they "conspired" to "plunder" their collateral.  So much for "harmonious performance."

The offer of parol evidence is irrelevant for the same reason.  What instrument is it that Plaintiff would offer parol evidence to interpret or to resolve ambiguity?  Plaintiff appears to assume, pervasively, that it may use such evidence to attempt to hold NMS to the contract that it did not sign, but that is not what Plaintiff's authority holds.  *Angell v. Rowlands,* 85 Cal. App. 3d 536 (1978), relates to whether a party that *did* sign a partially executed multiparty contract may still be bound to that contract even if all parties do not sign, not whether the party that *did not* sign may be bound to it.  *Id*. at 541 ("[A] contract is invalid if not signed by all parties purportedly bound only when it is shown, either by parol or express condition, that the contract was not intended to be complete until all parties had signed. Conversely, in the absence of a showing that the contract is not intended to be complete until signed by all parties, the parties who did sign will be bound.").

To summarize:  First, rules of contract interpretation cannot be applied to drag NMS into a contract it did not enter into; that is not what Plaintiff's authorities stand for.  Second, Plaintiff does not appear to be attempting to use those rules of contract interpretation to assert a contract claim against PLC alone.  If it were, the only

4

possible basis would be the October 22, 2014 document that PLC signed but NMS did not. But (1) Plaintiff no longer appears to base its contract claim on that partially executed document, but on a gestalt of unsigned subsequent drafts, (2) Plaintiff's own allegations and exhibits show that nobody considered the unexecuted October 22, 2014 document to be in effect, and (3) that document by its express terms could not be asserted against PLC alone. As explained in the Motion, such unilateral enforcement would materially modify PLC's agreement (to put it mildly), and the agreement expressly requires that any modification be in writing signed by all parties. Not surprisingly, we have found no cases in which a partially executed intercreditor agreement was enforced against a signing party. It would be illogical, inequitable and without precedent.

## B.     Fraud is Inadequately Alleged

Perhaps nothing better displays the confusion between facts and conclusions than Plaintiff's defense of its fraud allegations. Rule 9(b) requires a plaintiff that accuses another of fraud to allege specifically who said what to whom, when and where. It "must allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Lazar v. Superior Court*, 12 Cal. 4th 631, 645, 49 Cal. Rptr. 2d 377 (1996) (citation omitted); *see also Akhavein v. Argent Mortgage Co.*, No. 5:09-cv-00634, 2009 U.S. Dist. LEXIS 61796, at *10 (N.D. Cal. July 17, 2009).

Plaintiff claims its Complaint meets this standard. According to Plaintiff, the "What" is that "Reuven Duer and Eric Rieders knowingly and willfully conspired and agreed among themselves to harm Plaintiff by engaging in a pattern of intentional, willful, and malicious misrepresentations to induce Plaintiff to lend $250,000 to iNDx based on the false promise that PLC and NMS would share joint ownership of the Collateral as co-tenants if iNDx defaulted on the notes." Opp. at 9. In other words, Plaintiff claims to have met the requirement of specifying the alleged

5

misrepresentations by alleging that Defendants engaged in a pattern of malicious misrepresentations. When? "As early as October 2014 and in the months that followed. . . ." Opp. at 9. Where? In Santa Clara County and San Francisco County. Opp. at 10. "How" is a restatement of the allegation that Duer and Rieders agreed to harm Plaintiff in the manner set forth above. Opp. at 10. These are not even on the spectrum of adequate fraud allegations.

Plaintiff then leaves the subject of fraud and digresses into the Complaint's accusations that Defendants breached alleged fiduciary duties owed *to iNDx*, to the detriment of Plaintiff, as if (1) it had somehow acquired derivative standing to prosecute iNDx' purported claims, and (2) such "claims" were based on alleged facts rather than action words like "conspire" and "plunder." Opp. at 10.

> Paragraphs 32 to 58 of the FAC describe in detail the acts Defendants committed as they "conspired and colluded with each other to devise a plan to plunder iNDx's intellectual property," which violated the spirit of the Intercreditor Agreement the parties entered into to assist and support iNDx to succeed.

*Id*. But as described in the Motion, paragraphs 32 to 58 of the Complaint do not describe any facts in detail, at least none that have any legal significance as the basis of claims for breach of fiduciary duty (much less claims that Plaintiff would have standing to assert). They are rhetoric lifted verbatim from another party's brief, to wit, iNDx's opposition in its bankruptcy case to a motion for relief to which iNDx later stipulated. Self-evidently, the requisite investigation was not conducted.

**C.    The Wrongful Foreclosure Claim Has Been Abandoned**

Plaintiff appears to concede that there is no basis for a wrongful foreclosure claim.

**D.    Unfair Competition is Inadequately Alleged**

The Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq*., forbids acts of unfair competition, which includes "any unlawful, unfair or fraudulent business act or practice." *Id*. § 17200.

6

The practices that Plaintiff alleges in the Complaint are unfair and so must be enjoined are: (1) Duer, Rieders, PLC and NMS defrauded Plaintiff; (2) PLC and NMS "conducted a sham foreclosure" and now falsely claim that Plaintiff does not own the Collateral; and (3) "PLC and NMS plundered the Collateral from iNDx to Plaintiff's detriment." Complaint ¶ 109-111.

First, the purported fraud claim is inadequately alleged. Second, the "sham foreclosure" claim has been abandoned. Third, the "plundering" rhetoric does not state a claim under any theory. All that remains, therefore, is Plaintiff's complaint that Defendants do not recognize Plaintiff's claim that it owns the Collateral. That is not a "practice." If denying liability is an unfair business practice, then such a claim would be *de rigeur* in all business litigation.

### E. The "Tort of Another" Doctrine is Inapplicable

The "tort of another" doctrine provides: "A person who through the tort of another has been required to act in the protection of his interests by bringing or defending an action *against a third person* is entitled to recover compensation for the reasonably necessary loss of time, attorney's fees, and other expenditures thereby suffered or incurred. [Citations.]" *Prentice v. North Amer. Title Guar. Corp.,* 59 Cal.2d 618, 620 (1963) (emphasis added). It potentially allows a person to recover his attorney fees if he is required to employ counsel to prosecute or defend an action *against a third party* because of the tort of the defendant, and in that manner is essentially "an application of the usual measure of tort damages." *Sooy v. Peter*, 220 Cal.App.3d 1305, 1310 (1990). "Section 1021.6 permits a court to award attorney's fees to the prevailing party in an action for implied indemnity if the court finds, among other things, that 'the indemnitee through the tort of the indemnitor has been required to act in the protection of the indemnitee's interest by bringing an action against or defending an action *by a third person*.'" *Unocal Corp. v. United States*, 222 F.3d 528, 543 (9th Cir. 2000) (emphasis added).

7

Defendants are the alleged tortfeasors, not third parties. That is why this is not an "implied indemnity" action. The "tort of another" doctrine is inapplicable.

## III.

## **CONCLUSION**

WHEREFORE, based upon the foregoing, Defendants respectfully request that the Complaint be dismissed without leave to amend.

Dated: August 16, 2017   PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ Harry D. Hochman*
Harry D. Hochman

Attorneys for Defendants PLC Diagnostics, Inc., National Medical Services, Inc. dba NMS Labs; LDIP, LLC, Reuven Duer and Eric Rieders

8

DOCS_LA:308019.3 70872/002

## **PROOF OF SERVICE**

STATE OF CALIFORNIA        )
                           )
COUNTY OF LOS ANGELES      )

I, Myra Kulick, am employed in the city and county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067.

On August 16, 2017, I caused to be served the ***DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT*** in this action as follows:

*See Attached Service List*

☐ (BY MAIL) I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ (BY EMAIL) I caused to be served the above-described document by email to the parties indicated on the attached service list at the indicated email address.

☑ (BY NOTICE OF ELECTRONIC FILING) I caused to be served the above-described document by means of electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, for parties and/or counsel who are registered ECF Users.

☐ (BY FAX) I caused to be transmitted the above-described document by facsimile machine to the fax number(s) as shown. The transmission was reported as complete and without error. (Service by Facsimile Transmission to those parties on the attached List with fax numbers indicated.)

☑ (BY OVERNIGHT DELIVERY) I caused to be served the above-described document by sending by Federal Express to the addressee(s) as indicated on the attached list.

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on August 16, 2017, at Los Angeles, California.

*/s/ Myra Kulick*
Myra Kulick

DOCS_LA:307136.1 70872/002

## SERVICE LIST

**By FedEx Delivery:**

Magistrate Judge Maria-Elena James
San Francisco Courthouse
Courtroom B – 15th Floor
450 Golden Gate Avenue
San Francisco, CA  94102

**3:17-cv-03159-MEJ Notice will be sent via NEF/electronically mailed to:**

- *Ruchit Kumar Agrawal*
  *ruchit@kumarlawsv.com*
- *Reuven Duer*
  *ruvduer@gmail.com*
- *Harry David Hochman*
  *hhochman@pszjlaw.com*
- *PLC Diagnostics Inc.*
  *ruvduer@gmail.com*
- *Eric Rieders*
  *Eric.Rieders@nmslabs.com*

DOCS_LA:307136.1 70872/002