Maxim B. Litvak (CA Bar No. 215852)
Harry D. Hochman (CA Bar No. 132515)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, CA 94111-4500
Telephone: 415.263.7000
Facsimile: 415.263.7010
mlitvak@pszjlaw.com
hhochman@pszjlaw.com

Attorney for PLC DIAGNOSTICS, INC.,
NATIONAL MEDICAL SERVICES, INC., LDIP,
LLC, REUVEN DUER and ERIC RIEDERS

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| EUROSEMILLAS, S.A., a Spanish corporation, | Case No.: 17-cv-3159-MEJ |
| Plaintiff, | **ANSWER TO SECOND AMENDED COMPLAINT** |
| v. | |
| PLC DIAGNOSTICS, INC., a Delaware corporation; NATIONAL MEDICAL SERVICES, INC. dba NMS LABS, a Pennsylvania corporation; LDIP, LLC, a Delaware limited liability company; REUVEN DUER; ERIC RIEDERS; and DOES 1 through 10, inclusive, | |
| Defendants. | |

Defendants PLC DIAGNOSTICS, INC. ("PLC"), NATIONAL MEDICAL SERVICES, INC. dba NMS LABS ("NMS"), LDIP, LLC ("LDIP"), REUVEN DUER ("Duer") and ERIC RIEDERS ("Rieders") (collectively "Defendants") answer the Second Amended Complaint ("SAC") of EUROSEMILLAS, S.A. ("Plaintiff") herein as follows:

1. Paragraph 1 purports to describe a document that speaks for itself, and Defendants deny the allegations to the extent they differ from the referenced document.

2. Paragraph 2 purports to describe a document that speaks for itself, and Defendants deny the allegations to the extent they differ from the referenced document.

## PARTIES

3. Defendants represent that they lack information or belief sufficient to admit or deny the allegations of paragraph 3 of the Complaint, and on that basis deny such allegations.

4. Defendants admit the allegations of paragraph 4 of the Complaint except as to the last sentence, which is denied.

5. Defendants admit the allegations of paragraph 5 of the Complaint.

6. Defendants admit the allegations of paragraph 6 of the Complaint.

7. Defendants admit the allegations of paragraph 7 of the Complaint.

8. Defendants admit the allegations of paragraph 8 of the Complaint.

## DOES 1 - 10

9. Defendants represent that they lack information or belief sufficient to admit or deny the allegations in paragraph 9, and on that basis deny such allegations.

10. Defendants represent that they lack information or belief sufficient to admit or deny the allegations in paragraph 10, and on that basis deny such allegations.

11. Defendants neither admit nor deny the statement in paragraph 11.

## JURISDICTION & VENUE

12. Defendants admit the allegations of paragraph 12 of the Complaint.

13. Defendants admit the allegations of paragraph 13 of the Complaint.

14. Defendants admit the allegations of paragraph 14 of the Complaint.

## FACTUAL BACKGROUND

15. Defendants admit the allegations of paragraph 15 of the Complaint.

16. Defendants admit the allegations of paragraph 16 of the Complaint.

17. Defendants deny the allegations of paragraph 17 of the Complaint.

18. Paragraph 18 purports to describe a document that speaks for itself, and Defendants deny its allegations to the extent they differ from the referenced document.

19. Defendants admit the allegations of paragraph 19 of the Complaint.

20. Defendants deny the allegations of paragraph 20, except that Defendants admit that iNDx raised $2,100,000 in Series A equity financing.

DOCS_LA:309212.4 70872/002

21. Defendants admit the allegations of paragraph 21 of the Complaint.

22. Defendants admit the allegations of paragraph 22 of the Complaint.

23. Defendants admit the allegations of paragraph 23 of the Complaint.

24. Defendants admit the allegations of paragraph 24 of the Complaint.

25. Defendants admit the allegations of paragraph 25 of the Complaint.

26. Defendants represent that they lack information or belief sufficient to admit or deny the allegations of paragraph 26, and on that basis deny such allegations.

27. Defendants represent that they lack information or belief sufficient to admit or deny the allegations of paragraph 27, and on that basis deny such allegations.

28. Defendants deny the allegations of paragraph 28 of the Complaint.

29. Defendants deny the allegations of paragraph 29 of the Complaint.

30. Defendants admit the allegations of paragraph 30 of the Complaint.

31. Defendants deny the allegations of paragraph 31 of the Complaint.

32. Defendants deny the allegations of paragraph 32 of the Complaint.

33. Defendants deny the allegations of paragraph 33 of the Complaint.

34. Defendants deny the allegations of paragraph 34 of the Complaint.

35. Defendants admit the allegations of paragraph 35 of the Complaint.

36. Defendants deny the allegations of paragraph 36 of the Complaint.

37. Defendants deny the allegations of paragraph 37 of the Complaint.

38. Defendants deny the allegations of paragraph 38 of the Complaint.

39. Defendants deny the allegations of paragraph 39 of the Complaint.

40. Defendants deny the allegations of paragraph 40 of the Complaint.

41. Defendants admit giving notice of the foreclosure sale and deny the balance of the allegations of paragraph 41 of the Complaint.

42. Defendants deny the allegations of paragraph 42 of the Complaint.

43. Defendants admit that the sale was scheduled for August 12, 2016 and deny the balance of the allegations of paragraph 43 of the Complaint.

44. Defendants deny the allegations of paragraph 44 of the Complaint.

45. Defendants deny the allegations of paragraph 45 of the Complaint.

46. Defendants admit the allegations of paragraph 46 of the Complaint.

47. Defendants admit that the stay was lifted by stipulation on October 19, 2016. Defendants represent that they lack information or belief sufficient to admit or deny the balance of the allegations of paragraph 47 of the Complaint, and on that basis deny such allegations.

48. Defendants represent that they lack information or belief sufficient to admit or deny the allegations of paragraph 48 of the Complaint, and on that basis deny such allegations.

49. Defendants admit the allegations of paragraph 49 of the Complaint.

50. Defendants admit the allegations of paragraph 50 of the Complaint.

51. Defendants admit receipt of the referenced letter, which speaks for itself, and deny the balance of the allegations of paragraph 51 to the extent they differ from the referenced document.

52. Paragraph 52 purports to describe a document that speaks for itself, and Defendants deny its allegations to the extent they differ from the referenced document.

53. Defendants admit the allegations of paragraph 53 of the Complaint.

54. Paragraph 54 purports to describe a document that speaks for itself, and Defendants deny its allegations to the extent they differ from the referenced document.

55. Defendants admit that communications took place and deny that the allegations of paragraph 55 represent a complete or accurate description thereof.

56. Defendants admit that PLC and NMS rejected a deed in lieu of foreclosure. Defendants represent that they lack sufficient information or belief to admit or deny the balance of the allegations of paragraph 56 of the Complaint, and on that basis deny such allegations.

57. Defendants deny the allegations of paragraph 57 of the Complaint.

58. Defendants deny the allegations of paragraph 58 of the Complaint.

59. Defendants admit a public foreclosure sale was conducted and deny the balance of the allegations of paragraph 59 of the Complaint.

60. Defendants admit the allegations of paragraph 60 of the Complaint.

61. Defendants deny the allegation that the auction was conducted in a commercially unreasonable manner.

4

62. Paragraph 62 purports to describe a document that speaks for itself, and Defendants deny its allegations to the extent they differ from the referenced document.

63. Defendants deny the allegations of paragraph 63 of the Complaint.

64. Defendants deny the allegations of paragraph 64 of the Complaint.

65. Defendants deny the allegations of paragraph 65 of the Complaint.

66. Defendants deny the allegations of paragraph 66 of the Complaint.

**FIRST CAUSE OF ACTION**
(Breach of Contract Against PLC and NMS)

67. Defendants PLC and NMS neither admit nor deny this statement.

68. Defendants PLC and NMS deny the allegations of paragraph 68 of the Complaint.

69. Defendants PLC and NMS deny the allegations of paragraph 69 of the Complaint.

70. Defendants PLC and NMS deny the allegations of paragraph 70 of the Complaint.

71. Defendants PLC and NMS deny the allegations of paragraph 71 of the Complaint.

72. Defendants PLC and NMS deny the allegations of paragraph 72 of the Complaint.

73. Defendants PLC and NMS represent that they lack information or belief sufficient to admit or deny the allegations of paragraph 73, and on that basis deny such allegations.

74. Defendants PLC and NMS deny the allegations of paragraph 74 of the Complaint.

75. Defendants PLC and NMS admit that discussions took place concerning proposed bridge financing and that NMS insisted that any such financing must be secured pari passu with old secured debt, and deny the balance of the allegations of paragraph 75 of the Complaint.

76. Defendants PLC and NMS admit that the email was sent.

77. Defendants PLC and NMS admit than the email was sent.

78. Defendants PLC and NMS admit the first and the last sentence of these allegations and deny the second sentence of paragraph 78 of the Complaint.

79. Defendants PLC and NMS represent that the referenced document speaks for itself, and deny the allegations of paragraph 79 except to the extent set forth therein.

80. Defendants PLC and NMS deny the allegations of paragraph 80 of the Complaint.

81. Paragraph 81 purports to characterize documents that speak for themselves, and Defendants PLC and NMS deny its allegations to the extent they differ from the referenced documents.

82. Defendants PLC and NMS admit that the email was sent and deny the balance of the allegations of paragraph 82 to the extent they differ from the referenced document.

83. Defendants PLC and NMS admit the referenced lunch took place and deny the balance of the allegations of paragraph 83 of the Complaint.

84. Defendants PLC and NMS deny the allegations of paragraph 84 of the Complaint.

85. Defendants PLC and NMS deny the allegations of paragraph 85 of the Complaint.

86. Defendants PLC and NMS deny the allegations of paragraph 86 of the Complaint.

87. Defendants PLC and NMS deny the allegations of paragraph 87 of the Complaint.

88. Defendants PLC and NMS admit the allegations of paragraph 88 of the Complaint.

89. Defendants PLC and NMS deny the allegations of paragraph 89 of the Complaint.

90. Defendants PLC and NMS deny the existence of a valid Intercreditor Agreement and that Plaintiff has any right of joint ownership and on that basis deny the allegations of paragraph 90 of the Complaint.

91. Defendants PLC and NMS deny the allegations of paragraph 91 of the Complaint.

92. Defendants PLC and NMS deny the allegations of paragraph 92 of the Complaint.

93. Defendants PLC and NMS deny the allegations of paragraph 93 of the Complaint.

94. Defendants PLC and NMS neither admit nor deny this statement.

95. Defendants PLC and NMS deny the allegations of paragraph 95 of the Complaint.

96. Defendants PLC and NMS deny the allegations of paragraph 96 of the Complaint.

97. Defendants PLC and NMS deny the allegations of paragraph 97 of the Complaint.

98. Defendants PLC and NMS deny the allegations of paragraph 98 of the Complaint.

**SECOND CAUSE OF ACTION**
(Breach of Implied Covenant of Good Faith and Fair Dealing
Against PLC and NMS)

99. Defendants PLC and NMS neither admit nor deny this statement.

100. Defendants PLC and NMS deny the allegations of paragraph 100 of the Complaint.

DOCS_LA:309212.4 70872/002

101. Defendants PLC and NMS admit that PLC appointed two directors and deny the balance of the allegations of paragraph 101 of the Complaint.

102. Defendants PLC and NMS deny the allegations of this paragraph of the Complaint.

103. Defendants PLC and NMS deny the allegations of paragraph 103 of the Complaint, except that NMS hosted Cano and Merino at the request of Mohan Uttawar.

104. Defendants PLC and NMS represent that they lack information or belief sufficient to admit or deny the allegations of paragraph 104 of the Complaint, and on that basis deny such allegations.

105. Defendants PLC and NMS deny the allegations of paragraph 105 of the Complaint

106. Defendants PLC and NMS deny the allegations of paragraph 106 of the Complaint

107. Defendants PLC and NMS deny the allegations of paragraph 107 of the Complaint.

108. Defendants PLC and NMS deny the allegations of paragraph 108 of the Complaint.

109. Defendants PLC and NMS deny the allegations of paragraph 109 of the Complaint.

110. Defendants PLC and NMS admit the allegations of paragraph 110 of the Complaint.

111. Defendants PLC and NMS deny that they gave "repeated assurances" and represent that they lack information and belief sufficient to admit or deny the balance of the allegations of paragraph 111 of the Complaint, and on that basis deny such allegations, except that Plaintiff did not foreclose.

112. Defendants PLC and NMS represent that they lack information or belief sufficient to admit or deny the allegations of paragraph 112 of the Complaint, and on that basis deny such allegations.

113. Defendants PLC and NMS represent that they lack information or belief sufficient to admit or deny the allegations of paragraph 113 of the Complaint, and on that basis deny such allegations.

114. Defendants PLC and NMS deny the allegations of paragraph 114 of the Complaint.

115. Defendants PLC and NMS deny the allegations of paragraph 115 of the Complaint.

116. Defendants PLC and NMS deny the allegations of paragraph 116 of the Complaint.

DOCS_LA:309212.4 70872/002

### THIRD CAUSE OF ACTION
(Fraud in the Inducement Against
Reuven Duer, Eric Rieders, PLC and NMS)

117. Defendants neither admit nor deny this statement.

118. The allegations of paragraph 118 of the Complaint express legal conclusions that Defendants neither admit nor deny.

119. The allegations of paragraph 119 of the Complaint express legal conclusions that Defendants neither admit nor deny.

120. Defendants deny the allegations of paragraph 120 of the Complaint.

121. Defendants deny the allegations of paragraph 121 of the Complaint.

122. Defendants represent that they lack information or belief sufficient to admit or deny the allegations of paragraph 122 of the Complaint, and on that basis deny such allegations.

123. Defendants deny the allegations of paragraph 123 of the Complaint.

124. Defendants deny the allegations of paragraph 124 of the Complaint.

125. Defendants deny the allegations of paragraph 125 of the Complaint.

126. Defendants admit that a meeting took place and deny the balance of the allegations of paragraph 126 of the Complaint.

127. Defendants deny the allegations of paragraph 127 of the Complaint.

128. Defendants deny the allegations of paragraph 128 of the Complaint.

129. Defendants deny the allegations of paragraph 129 of the Complaint.

130. Defendants deny the allegations of paragraph 130 of the Complaint.

131. Defendants deny the allegations of paragraph 131 of the Complaint.

132. Defendants deny the allegations of paragraph 132 of the Complaint.

133. Defendants deny the allegations of paragraph 133 of the Complaint.

### FOURTH CAUSE OF ACTION
(Unfair Competition Against
Reuven Duer, Eric Rieders, PLC and NMS)

134. Defendants neither admit nor deny this statement.

135. Defendants deny the allegations of paragraph 135 of the Complaint.

136. Defendants deny the allegations of paragraph 136 of the Complaint.

137. Defendants deny the allegations of paragraph 138 of the Complaint.

138. Defendants admit that Duer served as a director and Rieders served as chairman of the iNDx board, and deny the balance of the allegations of paragraph 138 of the Complaint.

139. Defendants deny the allegations of paragraph 139 of the Complaint.

140. Defendants deny the allegations of paragraph 140 of the Complaint.

141. Defendants deny the allegations of paragraph 141 of the Complaint.

142. Defendants deny the allegations of paragraph 142 of the Complaint.

143. Defendants admit the email referenced in paragraph 143 of the Complaint was sent.

144. Defendants deny the allegations of paragraph 144 of the Complaint.

145. Defendants deny the allegations of paragraph 145 of the Complaint.

146. Defendants deny the allegations of paragraph 146 of the Complaint.

147. Defendants deny the allegations of paragraph 147 of the Complaint.

148. Defendants deny the allegations of paragraph 148 of the Complaint.

149. Defendants deny the allegations of paragraph 149 of the Complaint.

150. Defendants deny the allegations of paragraph 150 of the Complaint.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

151. The Complaint, and each and every purported cause of action contained therein, fails to state facts sufficient to constitute any cause of action against Defendants.

### **SECOND AFFIRMATIVE DEFENSE**

**(Standing)**

152. Plaintiff lacks standing to bring the claims alleged in the Complaint,

DOCS_LA:309212.4 70872/002

## THIRD AFFIRMATIVE DEFENSE

### (Waiver)

153. Defendants allege on information and belief that Plaintiff has engaged in conduct and activities sufficient to constitute a waiver of any claims and demands it may have against Defendants.

## FOURTH AFFIRMATIVE DEFENSE

### (Prior Breach / Failure to Perform)

154. Plaintiff is barred from any recovery sought in the Complaint due to its prior breach and/or failure to perform obligations under the purported contracts alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

155. Defendants allege on information and belief that the Complaint as a whole, and each and every cause of action contained therein, is barred by reasons of acts, omissions, representations by Plaintiff or its agents upon which Defendants relied to their detriment, thereby barring under the doctrine of equitable estoppel any cause of action asserted by Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

156. The Complaint, and each and every purported claim or cause of action contained therein, is barred to the extent Plaintiff has failed to exercise reasonable care and diligence to avoid, minimize, or otherwise mitigate any alleged injury or damage.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

157. Defendants allege on information and belief that Plaintiff has unclean hands and therefore is barred from asserting any of the claims made in the Complaint and obtaining any relief thereon.

DOCS_LA:309212.4 70872/002

## EIGHTH AFFIRMATIVE DEFENSE

### (Offset)

158. By virtue of the acts, omissions and misrepresentations of Plaintiff, and by virtue of Plaintiff's breaches of the purported contracts alleged in the Complaint, Defendants have incurred damages and expenses in amounts to be determined and applied as an offset against the claims of the Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

### (Uncertainty)

159. The purported contract upon which Plaintiff brings this action is unenforceable because its material terms are uncertain.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Enter Into Contract)

160. The purported contract upon which Plaintiff brings this action is unenforceable because it was not fully executed and was not intended to be effective unless fully executed.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Performance of Contract)

161. To the extent the purported contract upon which Plaintiff brings this action is enforceable, Defendants performed all obligations thereunder.

## TWELFTH AFFIRMATIVE DEFENSE

### (Satisfaction)

162. Any obligation to Plaintiff has already been satisfied in part or in full, including, without limitation, by the unauthorized payment by Mohan Uttawar to or for the benefit of Plaintiff in the amount of $100,000.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Additional Defenses)

163. Defendants presently have insufficient knowledge or information on which to form a belief as to whether it may have additional affirmative defenses that may become apparent or available during discovery, and therefore reserve the right to assert additional applicable defenses.

**WHEREFORE**, Defendants pray that judgment be entered as follows:

a. That Plaintiff take nothing by reason of its Complaint;

b. That Defendants be awarded attorneys' fees and costs of suit;

c. For such other relief as is just and proper.

Dated: September 27, 2017           PACHULSKI STANG ZIEHL & JONES LLP

By:  */s/ Harry D. Hochman*
     Harry D. Hochman
     Attorneys for PLC DIAGNOSTICS, INC.,
     NATIONAL MEDICAL SERVICES, INC., LDIP,
     LLC, REUVEN DUER and ERIC RIEDERS

12

DOCS_LA:309212.4 70872/002

# **PROOF OF SERVICE**

STATE OF CALIFORNIA )
) 
COUNTY OF LOS ANGELES )

I, Rolanda Mori, am employed in the city and county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067.

On <u>September 27, 2017</u>, I caused to be served the ***ANSWER TO SECOND AMENDED COMPLAINT*** in this action as follows:

☐ (BY MAIL) I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ (BY EMAIL) I caused to be served the above-described document by email to the parties indicated on the attached service list at the indicated email address.

☑ (BY NOTICE OF ELECTRONIC FILING) I caused to be served the above-described document by means of electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, for parties and/or counsel who are registered ECF Users.

☐ (BY FAX) I caused to be transmitted the above-described document by facsimile machine to the fax number(s) as shown. The transmission was reported as complete and without error. (Service by Facsimile Transmission to those parties on the attached List with fax numbers indicated.)

☑ (BY OVERNIGHT DELIVERY) I caused to be served the above-described document by sending by Federal Express to the addressee(s) as indicated on the attached list.

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on <u>September 27, 2017</u>, at Los Angeles, California.

*/s/ Rolanda Mori*
Rolanda Mori

DOCS_LA:309257.1 70872/002

# **SERVICE LIST**

**By FedEx Delivery:**

Magistrate Judge Maria-Elena James
San Francisco Courthouse
Courtroom B – 15th Floor
450 Golden Gate Avenue
San Francisco, CA  94102

**3:17-cv-03159-MEJ Notice will be sent via NEF/electronically mailed to:**

- Harry David Hochman     hhochman@pszjlaw.com
- Ruchit Kumar Agrawal    ruchit@kumarlawsv.com