Sherrett O. Walker (SBN 286595)
ATTORNEY AT LAW
P.O. Box 1543
Pacifica, California 94044-6543
(415) 305-6546
*rett@walkercalawyer.com*

Counsel for Eurosemillas, S.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUROSEMILLAS, S.A.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PLC DIAGNOSTICS, INC.;<br>NATIONAL MEDICAL SERVICES,<br>INC.; LDIP, LLC; REUVEN DUER;<br>ERIC RIEDERS; and Does 1 – 10,<br><br>　　　　Defendants.<br><br>PLC DIAGNOSTICS, INC.; and<br>NATIONAL MEDICAL SERVICES,<br>INC.,<br><br>　　　　Counterclaimants,<br><br>　　v.<br><br>EUROSEMILLAS, S.A.,<br><br>　　　　Counterdefendant.<br><br>AND RELATED THIRD-PARTY CLAIMS | Case No. 17-cv-3159-MEJ<br><br>EUROSEMILLAS, S.A.'S NOTICE OF MOTION AND MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS<br><br>　Date:　December 7, 2017<br>　Time:　10:00 a.m.<br>　Place:　450 Golden Gate Ave.<br>　　　　　Courtroom B – 15th Floor<br>　　　　　San Francisco, CA<br><br>　Judge:　Maria-Elena James |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 7, 2017 at 10:00 a.m., or as soon thereafter as the Court may hear the matter, before the Honorable Maria-Elena James in the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue in San Francisco, California, Plaintiff/Counterdefendant Eurosemillas, S.A. (**"*Eurosemillas*"**) will and hereby does move to dismiss the three Counterclaims of Defendants/Counterclaimants PLC Diagnostics, Inc. and National Medical Services, Inc. dba NMS Labs (collectively, **"*Defendants*"**).

The Motion is brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis that:

(1) The First and Second Counterclaims are barred by the litigation privilege under section 47(b) of the California Civil Code;

(2) The First and Second Counterclaims are barred by the California Supreme Court's decision in *Pacific Gas & Electric Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118 (1990) because the still-pending underlying action by Eurosemillas has not been resolved in Defendants' favor; and

(3) The First, Second and Third Counterclaims all fail to state plausible and legally cognizable claims for relief.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, and upon such other argument and evidence as may be presented to the Court at or before the hearing.

SHERRETT O. WALKER
P.O. Box 1543
Pacifica, California 94044-6543
(415) 305-6546

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. iii

STATEMENT OF ISSUES TO BE DECIDED ..................................................................... 1

COUNTERCLAIMS ALLEGED AGAINST EUROSEMILLAS ....................... 2

    1.    First Counterclaim (Intentional Interference with Contractual Relations – Intercreditor Agreement) ..................... 2

    2.    Second Counterclaim (Intentional Interference with Contractual Relations – Product Development Agreement and License Agreement) ................................................................ 2

    3.    Third Counterclaim (Declaratory Relief) ...................................... 3

LEGAL STANDARD ........................................................................................ 3

LEGAL ARGUMENT ....................................................................................... 4

    A.    <u>The First and Second Counterclaims for tortious interference with contractual relations are barred by California's litigation privilege</u> ....................................................... 4

    B.    <u>The First Counterclaim and Second Counterclaims are barred by *Pacific Gas & Electric Co. v. Bear Stearns & Co.* because the underlying action has not terminated in Defendants' favor</u> ............................................................... 8

    C.    <u>The First and Second Counterclaims fail to plead a plausible claim for relief</u> .............................................................. 10

    D.    <u>The Third Counterclaim for declaratory relief is insufficient, unnecessary and duplicative.</u> ....................................................... 11

SHERRETT O. WALKER
P.O. Box 1543
Pacifica, California 94044-6543
(415) 305-6546

# TABLE OF AUTHORITIES

*Action Apartment Ass'n, Inc. v. City of Santa Monica,*
   41 Cal. 4th 1232 (2007) ...........................................................................................5, 7

*Atlantic Recording Corp. v. Serrano,*
   2007 WL 4612921 (S.D. Cal. 2007) ...........................................................................12

*Avery Dennison Corp. v. Acco Brands, Inc.,*
   2000 U.S. Dist. LEXIS 3938 (CD. Cal. 2000) ............................................................12

*Application Group, Inc. v. Hunter Group, Inc.,*
   61 Cal. App. 4th 881 (1998) .......................................................................................12

*Crowley v. Katleman,*
   8 Cal. 4th 666 (1994) ....................................................................................................8

*G & C Auto Body, Inc. v. GEICO General Insurance Co,*
   No. C 06-04898 MJJ, 2008 WL 687371 (N.D. Cal. 2008) ...........................................9

*Hannula v. Hacienda Homes,*
   34 Cal. 2d 442 (1949) .................................................................................................11

*Kashian v. Harriman,*
   98 Cal. App. 4th 892 (2002) .........................................................................................5

*Pacific Gas & Electric Co. v. Bear Stearns & Co.,*
   50 Cal. 3d 1118 (1990).......................................................................................  *passim*

*People ex rel. Gallegos v. Pacific Lumber Co.,*
   158 Cal. App. 4th 950 (2008) .......................................................................................4

*Rusheen v. Cohen,*
   37 Cal. 4th 1048 (2006) ................................................................................................5

*Silberg v. Anderson,*
   50 Cal. 3d 205 (1990)........................................................................................4, 5, 6, 7

*Ubiquiti Networks, Inc. v. Kozumi USA Corp.,*
   No. C 12-2582 CW, 2013 WL 368365 (N.D. Cal. 2013).........................................6, 7

**STATEMENT OF ISSUES**
**TO BE DECIDED**

1. California's litigation privilege bars all claims (regardless of legal theory) based on communications made in the course of judicial proceedings. Are Defendants' counterclaims against Eurosemillas barred by the litigation privilege to the extent they arise or relate to this litigation?

2. In *Pacific Gas & Electric Co. v. Bear Stearns & Co.* (*"PG&E"*), 50 Cal. 3d 1118 (1990), the California Supreme Court held that to state a claim for intentional interference with contractual relations because a defendant induced another to undertake litigation, plaintiff must have alleged that the litigation was brought without probable cause and that the litigation concluded in plaintiff's favor. In California there is no public policy against the funding of litigation by outsiders. Does *PG&E* bar Defendants' claim for intentional interference with contractual relations based, in part, on this still-pending litigation, which Defendants allege is being funded by the two recently joined third-party defendants?

3. Defendant NMS entered into a Product Development Agreement (*"PDA"*) and License Agreement with iNDx Lifecare, Inc. (*"iNDx"*). NMS alleges that Eurosemillas prevented the performance of these two contracts or made performance more expensive or difficult. A plaintiff must plead a plausible claim for relief to survive a motion to dismiss. NMS does not articulate the nature of Eurosemillas' allegedly interfering actions, nor how those actions caused NMS any harm. Has NMS pleaded a plausible and legally cognizable claim for relief claim?

4. Is Defendants' request for declaratory relief nothing more thanthat' a counterclaim disguised as a defense to the claim for breach of contract alleged in Eurosemillas' Second Amended Complaint?

SHERRETT O. WALKER
P.O. Box 1543
Pacifica, California 94044-6543
(415) 305-6546

# COUNTERCLAIMS ALLEGED AGAINST EUROSEMILLAS

1. <u>First Counterclaim (Intentional Interference with Contractual Relations – Intercreditor Agreement).</u>[1]

Defendants PLC and NMS allege that third-party defendants "[Mohan] Uttarwar and [Piyush] Gupta induced Eurosemillas to bring litigation without probable cause by, in part, offering a joint venture, partnership or similar arrangement to Eurosemillas in the event that Eurosemillas prevails in the lawsuit, and that Eurosemillas has induced Uttarwar and Gupta to provide support for the litigation on the same basis."

Defendants further allege that "Eurosemillas intended to disrupt performance of the Intercreditor Agreement, or knew that disruption of performance was certain or substantially certain to occur."

The gravamen of the claims that Eurosemillas alleges in the Second Amended Complaint (Dkt 27) is that Defendants breached the Intercreditor Agreement entered into between Eurosemillas, PLC, NMS and iNDx. Defendants deny this agreement even exists.

2. <u>Second Counterclaim (Intentional Interference with Contractual Relations – Product Development Agreement and License Agreement).</u>[2]

Defendant NMS alleges that "Eurosemillas learned of the PDA and License Agreement and NMS' rights thereunder by no later than Summer 2016, or at an earlier time to be established, and sought distribution rights that it did not receive. After learning of such rights and knowing that it lacked distribution rights, Eurosemillas continued to claim and attempt to exercise commercialization rights granted to Defendant NMS in the PDA and License Agreement in the European Union and Latin America."

---

[1] Counterclaims ¶¶ 52-60 (pp. 18-19) (Dkt 32).
[2] Counterclaims ¶¶ 61-69 (pp. 19-20).

SHERRETT O. WALKER
P.O. Box 1543
Pacifica, California 94044-6543
(415) 305-6546

Without specifying the nature of Eurosemillas' interfering conduct, Defendants broadly allege that Eurosemillas "prevented performance of the PDA and License Agreement or made performance more expensive or difficult. Eurosemillas intended to disrupt performance of the PDA and License Agreement, or knew that disruption of performance was certain or substantially certain to occur."

    3.    <u>Third Counterclaim (Declaratory Relief).</u>[3]

Defendants PLC and NMS allege that "Eurosemillas asserts an interest in the Collateral and purported distribution rights to the intellectual property forming the Collateral in the European Union and Latin America markets. PLC and NMS dispute that Eurosemillas has any rights to the Collateral nor any distribution rights to the subject intellectual property anywhere in the world, including the European Union and Latin America markets."

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss for failure to state a claim should be granted when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.[4]

In considering whether the complaint is sufficient to state a claim, the court takes all material allegations as true and construes them in the light most favorable to the plaintiff.[5]

But this principle does not apply to legal conclusions: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true.[6]

---

[3] Counterclaims ¶¶ 70-74 (p. 20).
[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[5] *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).
[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Holomaxx Tech. v. Microsoft Corp.*, 783 F. Supp. 2d 1097, 1103 (N.D. Cal. 2011)

# LEGAL ARGUMENT

Defendants bring three meritless counterclaims against Eurosemillas in a wasteful attempt to further expand these proceedings.

The counterclaims are legally barred, and their fatal defects are incurable by amendment.

### A. The First and Second Counterclaims for tortious interference with contractual relations are barred by California's litigation privilege.

It is apparent from the face of Defendants' pleading that the two counterclaims against Eurosemillas for tortious interference are barred by the litigation privilege, making these claim suitable for disposition on a Rule 12(b)(6) motion.[7]

The litigation privilege articulated in section 47(b) of the California Civil Code makes privileged any statement made "in any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law and reviewable [by writ of mandate]." Cal. Civ. Code § 47(b). The litigation privilege is an absolute privilege that applies regardless of any malice on the part of the communicator.[8]

The purpose of the litigation privilege is "to afford litigants … the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions."[9]

To further this goal, "the absolute privilege is interpreted broadly to apply to *any* communication, not just a publication, having some relation to a judicial or quasi-judicial proceeding...."[10]

---

[7] *See generally Id*.
[8] *People ex rel. Gallegos v. Pacific Lumber Co.*, 158 Cal. App. 4th 950, 958 (2008).
[9] *Silberg v. Anderson*, 50 Cal. 3d 205, 213 (1990).
[10] *Gallegos,* 158 Cal. App. 4th at 958 (quotations omitted).

SHERRETT O. WALKER
P.O. Box 1543
Pacifica, California 94044-6543
(415) 305-6546

The litigation privilege applies to any communications "(1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action."[11] The requirement that the communication "be in furtherance of the objects of the litigation is, in essence, simply part of the requirement that the communication be connected with, or have some logical relation to, the action, *i.e.*, that it not be extraneous to the action."[12] Once these requirements are met, section 47(b) provides an absolute privilege.[13]

"[W]here the cause of action is based on a communicative act, the litigation privilege extends to those noncommunicative actions which are necessarily related to that communicative act."[14] "Any doubt about whether the privilege applies is resolved in favor of applying it."[15]

Defendants allege that Eurosemillas essentially colluded and conspired with third-party defendants, Mohan Uttarwar and Piyush Gupta, to bring the underlying action for breach of the Intercreditor Agreement and related claims.

They further allege that Eurosemillas has prevented the performance of the PDA and License Agreement (or made performance more expensive or difficult of these two contracts) because Eurosemillas has been asserting its rights to certain patents and intellectual property (the **_"Collateral"_**) that Eurosemillas has under the Intercreditor Agreement.

Eurosemillas' rights to the Collateral lie at the heart of the controversy of its claims against Defendants. *See* Second Amended Complaint. (Dkt 27)

---

[11] *Silberg*, 50 Cal. 3d at 212.
[12] *Id.* at 219-220.
[13] *Ubiquiti Networks, Inc. v. Kozumi USA Corp.*, No. C 12-2582 CW, 2013 WL 368365, at *10 (N.D. Cal. Jan. 29, 2013) (citing *Silberg*, 50 Cal. 3d at 216).
[14] *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1052 (2006).
[15] *Kashian v. Harriman*, 98 Cal. App. 4th 892, 913 (2002).

SHERRETT O. WALKER
P.O. Box 1543
Pacifica, California 94044-6543
(415) 305-6546

The California Supreme Court has stated that it can "contemplate no communication that is more clearly protected by the litigation privilege than the filing of a legal action." [16] Indeed, the litigation privilege "applies to any publication required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication is made outside the courtroom and no function of the court or its officers is involved."[17]

Here, Defendants' allegations against Eurosemillas for tortious interference with the Intercreditor Agreement turn on the *filing of this lawsuit*, and communications Eurosemillas has had with third parties regarding its rights in and to the Collateral under this agreement.[18]

This Court's decisions concerning the litigation privilege confirm the privilege's applicability here. For example, in *Ubiquiti*, a copyright and trademark infringement defendant countersued the plaintiff for defamation and interference with prospective advantage (among other things) after the plaintiff sent an email to its customers informing them about a preliminary injunction that it won against the defendant.[19]

This Court granted a motion to dismiss the defendant's counterclaims for defamation and intentional interference with prospective advantage, finding that the claims were barred by the litigation privilege.[20]

In *Epistar Corp. v. Philips Lumileds Lighting Co., LLC,*[21] Epistar sued Lumileds for intentional interference with prospective advantage after Lumileds sent communications to its customers stating that the ITC had ruled that Epistar's

---

[16] *Action Apartment Ass'n, Inc. v. City of Santa Monica*, 41 Cal. 4th 1232, 1249 (2007).
[17] *Silberg,* 50 Cal. 3d at 212.
[18] Counterclaims ¶¶ 49, 50, 52-60, 64.
[19] *Ubiquiti*, 2013 WL 368365, at *2, *9.
[20] *Id*. at *9 - *11, *13.
[21] No. C 07-5194 CW, 2008 WL 3930030, at *1-*2 (N.D. Cal. 2008).

1 products infringed Lumileds' patents. This Court granted judgment on the
2 pleadings against the intentional interference claim, finding that Lumileds'
3 communications were protected by the litigation privilege.[22]

4     In *Sharper Image Corp. v. Target Corp.*,[23] the maker of an air purifier sued
5 defendants for patent infringement, among other things. The defendants
6 counterclaimed for tortious interference with prospective economic advantage
7 and unfair competition because the plaintiff had contacted retailers to ask them
8 not to carry the allegedly infringing product.[24]

9     This Court concluded that the plaintiff's communications were covered by
10 the litigation privilege, reasoning that the recipients of the communications were
11 authorized participants in the litigation (although not parties) because the
12 plaintiff sought injunctive relief that would have significantly disrupted their
13 business arrangements with the defendants.[25]

14     The litigation privilege's application to Defendants' counterclaims against
15 Eurosemillas is even clearer than these other cases previously decided by this
16 Court. In *Ubiquiti, Epistar*, and *Sharper Image,* the communications forming the
17 basis for the tortious interference claim were made outside the litigation to non-
18 parties to the litigation.

19     Here, in contrast, most of the communications on which Defendants rely
20 were made (1) in preparation for and in the course of the litigation, and (2) to
21 parties to the litigation.[26] These communications are therefore absolutely
22 privileged under California law and the First and Second Counterclaims based on
23 them must be dismissed.

---

[22] *Id.* at *5-*7.
[23] 425 F. Supp. 2d 1056, 1060 (N.D. Cal. 2006).
[24] *Id.* at 1075.
[25] *Id.* at 1078-79.
[26] *Cf. Action Apartment,* 41 Cal. 4th at 1249; *Silberg,* 50 Cal. 3d at 212.

MOTION TO DISMISS COUNTERCLAIMS     -7-     Case No. 17-cv-3159-MEJ

B. <u>The First and Second Counterclaims are also barred by *Pacific Gas & Electric Co. v. Bear Stearns & Co.* because the underlying action has not terminated in Defendants' favor</u>.

In California, "a plaintiff seeking to state a claim for intentional interference with contract or prospective economic advantage because [the] defendant induced another to undertake litigation, must allege that the litigation was brought without probable cause and that the litigation concluded in plaintiff's favor."[27] The *PG&E* rule reflects the California Supreme Court's careful balancing of the public policy in favor of protecting the secure enjoyment of contractual and economic relations against the public policy in favor of free access to the courts.[28] Wrote the High Court in *PG&E:*

> Our legal system is based on the idea that it is better for citizens to resolve their differences in court than to resort to self-help or force. It is repugnant to this basic philosophy to make it a tort to induce potentially meritorious litigation. To permit a cause of action for interference with contract or prospective economic advantage to be based on inducing potentially meritorious litigation on the contract would threaten free access to the courts by providing an end run around the limitations on the tort of malicious prosecution.
>
> We are satisfied that the malicious prosecution cases strike the appropriate balance between the right to free access to the court and the interest in being free from the cost of defending litigation.[29]

Elements of a malicious prosecution claim include, among other things, that the subject action "was pursued to a legal termination in [the malicious prosecution plaintiff's] favor" and that the action was "brought without probable cause."[30]

---

[27] *PG&E*, 50 Cal. 3d at 1137.
[28] *Id.* at 1136 - 1137.
[29] *Id.* at 1137.
[30] *Crowley v. Katleman*, 8 Cal. 4th 666, 676 (1994); *cf. PG&E*, 50 Cal. 3d at 1137.

SHERRETT O. WALKER
P.O. Box 1543
Pacifica, California 94044-6543
(415) 305-6546

This Court repeatedly has applied the *PG&E* rule to cases like this one, where a defendant filed counterclaims alleging tortious interference by the plaintiff for filing a lawsuit.

*In Visto Corp. v. Sproqit Technologies, Inc.,*[31] for example, the Court ruled that under *PG&E* (and even if the litigation privilege did not apply), Sproqit could not adequately plead an interference claim unless it prevailed in defeating the underlying action[32] The court dismissed the tortious interference counterclaim because the infringement suit was ongoing. [33]

Similarly, in *G & C Auto Body, Inc. v. GEICO General Insurance Co.,* [34] the court granted a motion to dismiss a counterclaim for tortious interference based on the auto body shop's inducing GEICO's customers to file small claims lawsuits against GEICO. The court dismissed the claim because GEICO failed to allege the previously-filed (and resolved) small claims lawsuits had lacked probable cause.

While Defendants allege that Eurosemillas complaint in the underlying action lacks probable cause, that's just not enough.[35]

More important, Defendants do not—because they *cannot*—allege that Eurosemillas' claims have been resolved in their favor because this litigation is ongoing.

Accordingly, to the extent that Defendants' counterclaims against Eurosemillas are not barred by California's litigation privilege, they are at least premature under *PG&E*, and they should be dismissed.

---

[31] 360 F. Supp. 2d 1064, 1066, 1072 (N.D. Cal. 2005).
[32] *Id.* at 1072.
[33] *Id.* at 1073.
[34] No. C 06-04898 MJJ, 2008 WL 687371, at *1, *9 (N.D. Cal. 2008).
[35] *See generally* Counterclaims ¶¶ 50, 51 55; *Drummond v. Desmarais*, 176 Cal. App. 4th 439, 453 (2009) (noting that probable cause exists when a cause of action is arguably tenable; thus, a lawsuit lacks probable cause *only* if no reasonable lawyer would have thought the claim tenable).

MOTION TO DISMISS COUNTERCLAIMS         -9-         Case No. 17-cv-3159-MEJ

C.  The First and Second Counterclaims fail to plead a plausible claim for relief.

The elements of a claim for tortious interference with contract under California law are: (1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the relationship; and (5) resulting damage.[36]

The First Cause of Action for interfering with the performance of the Intercreditor Agreement fails because Defendants do not identify the manner in which Eurosemillas interfered or the nature of the harm caused. As explained above, the filing of the underlying action as a basis for this counterclaim will not suffice to state a viable claim.

The Second Cause of Action for interfering with the performance of the PDA and License Agreement also fails for similar reasons. Do Defendants contend that Eurosemillas developed a competing product based on the Collateral that iNDx licensed to NMS? Has Eurosemillas licensed to third parties or exploited the Collateral without authorization? If so, to whom? What exactly were the damages that Eurosemillas caused NMS? Stated simply and shortly: Defendants' counterclaims must be dismissed as inadequately pleaded.

To state a viable claim for contractual interference, the plaintiff must allege that a contract has been breached or that the plaintiff's performance is more costly or burdensome.[37]

Here, Defendants do nothing more than recite the elements of the cause action. Without more, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not defeat a F. R. Civ. Proc. 12(b)(6) motion to dismiss.[38]

---

[36]  *PG&E*, 50 Cal. 3d at 1126.
[37]  *PG&E*, 50 Cal. 3d at 1129.
[38]  *Ashcroft*, 556 U.S. at 678.

NMS does not identify the particular harm Eurosemillas caused by interfering with the License Agreement. Does NMS contend that Eurosemillas interfered somehow with NMS' customers?

Defendants do not (1) identify the contracts or customers with whom Eurosemillas has allegedly interfered; (2) pleaded Eurosemillas knowledge of the contracts; (3) pleaded the manner in which Eurosemillas actions disrupted the performance of the contracts; or (4) identified any tangible harm other than attorneys' fees and costs of defending against the allegations in this lawsuit.

Defendants' allegations of intentional interference with contract are notably threadbare; they do not give Eurosemillas fair notice of a legally cognizable claim and the grounds on which it rests.[39] This is another independent ground for disimissing the First and Second Counterclaims.

### D. The Third Counterclaim for declaratory relief is insufficient, unnecessary and duplicative.

Defendants PLC and NMS seek "a judgment declaring Eurosemillas has no rights in the Collateral and no distribution rights to the intellectual property constituting the Collateral."

The declaratory procedure operates prospectively to promote preventive justice by providing parties whose interests are threatened by adverse claims with an opportunity to obtain judicial resolution before their adversaries bring suit against them.[40] Generally, a declaratory judgment provides a remedy for a litigant who does not want to wait to be sued but wants to resolve a dispute.

Here Defendants will not be prejudiced by the dismissal of their counterclaim for declaratory relief. Federal courts routinely dismiss "mirror image" counterclaims where, as Defendants' Third Counterclaim does here,

---

[39] *Twombly*, 550 U.S. at 555; *Balistrieri*, 901 F.2d at 699.

[40] *See* 22 Am. Jur.2d, Declaratory Judgments §§ 1, 6; 15 Cal. Jur. 2d Declaratory Relief § 5; *Hannula v. Hacienda Homes*, 34 Cal.2d 442, 448 (1949).

merely restate issues already before the court as part of a plaintiff's affirmative case.[41]

Whether to hear a request for declaratory judgment is subject to the sound discretion of the trial court.[42] The Court should exercise its discretion and decline to entertain the Third Counterclaim for declaratory judgment because it is nothing more than an affirmative defense disguised as a counterclaim.

A resolution of Eurosemilla's claim for breach of contract of the Intercreditor Agreement will provide Defendants PLC and NMS the opportunity to obtain precisely the remedy they request if they prevail in the underlying action.

Dated:  November 1, 2017         Respectfully submitted,

*Sherrett O. Walker*
Sherrett O. Walker
Counsel for Eurosemillas S.A.

---

[41] *See, e.g., Atlantic Recording Corp. v. Serrano,* 2007 WL 4612921 *4 (S.D. Cal. 2007) (dismissing declaratory judgment of non-infringement counterclaim as redundant and unnecessary); *Avery Dennison Corp. v. Acco Brands, Inc.,* 2000 U.S. Dist. LEXIS 3938, at *12 (CD. Cal. 2000) (same); *Malibu Media, LLC v. Doe 1,* 2012 WL 6681990, *3-4 (D. Md. 2012) (granting plaintiff's 12(b)(6) motion to dismiss counterclaim of noninfringement and stating that "[c]ourts have typically declined to consider counterclaims for declaratory relief that"are duplicative of affirmative defenses."); *Aldens, Inc. v. Packel,* 524 F.2d 38, 53 (3d Cir. 1975) (dismissing counterclaim for declaratory relief where counterclaim presented the "identical issues posited by the complaint"); *Interscope Records v. Kimmel,* 2007 WL 1756383, *4-5 (N.D.N.Y.  2007) (dismissing a counterclaim for declaratory judgment of non-infringement where the issue is "squarely before the Court" as a result of Plaintiffs' claims).

[42] *Application Group, Inc. v. Hunter Group, Inc.,* 61 Cal. App. 4th 881, 893 (1998) (A determination regarding the justiciability of an action under Code Civ. Proc. § 1060 "is . . . a matter entrusted to the sound discretion of the trial court.").

**CERTIFICATE OF SERVICE**

I hereby certify that the above document was filed electronically with the Clerk of the United States District Court for the Northern District of California, and was served via hyperlink generated by the court's CM/ECF system, which was sent electronically to:

Steven J. Kahn
Harry D. Hochman
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
T:  415.263.7000
F:  415.263.7010
*skahn@pszjlaw.com*
*hhochman@pszjlaw.com*

I declare under penalty of perjury, under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated:  November 1, 2017

Sherrett O. Walker