| | |
|---|---|
| Sherrett O. Walker (SBN 286595) <br> ATTORNEY AT LAW <br> P.O. Box 1543 <br> Pacifica, California 94044-6543 <br> (415) 305-6546 <br> *rett@walkercalawyer.com* <br><br> Counsel for Eurosemillas, S.A. | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUROSEMILLAS, S.A., <br><br> Plaintiff, <br><br> v. <br><br> PLC DIAGNOSTICS, INC.; NATIONAL MEDICAL SERVICES, INC.; LDIP, LLC; REUVEN DUER; ERIC RIEDERS; Does 1 – 10, <br><br> Defendants. | Case No. 17-cv-3159-MEJ <br><br><br><br> EUROSEMILLAS, S.A.'S REPLY TO THE OPPOSITION TO THE MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS <br><br> Date: December 7, 2017 <br> Time: 10:00 a.m. <br> Place: 450 Golden Gate Ave. <br> Courtroom B – 15th Floor <br> San Francisco, CA <br><br> Judge: Maria-Elena James |
| PLC DIAGNOSTICS, INC.; NATIONAL MEDICAL SERVICES, INC., <br><br> Counterclaimants, <br><br> v. <br><br> EUROSEMILLAS, S.A., <br><br> Counterdefendant. | |
| AND RELATED THIRD-PARTY CLAIMS | |

# LEGAL ARGUMENT

Plaintiff/Counterdefendant Eurosemillas, S.A. (**"_Eurosemillas_"**) files this Reply to the Opposition to Eurosemilla's Motion to Dismiss filed by Defendants/Counterclaimants PLC Diagnostics, Inc. and National Medical Services, Inc. dba NMS Labs (collectively, **"_Defendants_"**).

  1. <u>The counterclaims must be dismissed because Defendants failed to join iNDx Lifecare, Inc., an indispensible non-diverse party</u>.

Defendants' Opposition makes abundantly clear that their counterclaims all arise from or relate to contractual obligations that iNDx Lifecare, Inc. (**"_iNDx_"**) owes them under the terms of the Intercreditor Agreement, Product Development Agreement (**"_PDA_"**) and License Agreement **("_NMS License_")**.[1]

That makes iNDx an indispensible party to this action under Federal Rules of Civil Procedure 19(b). iNDx must be joined as a party so that its interests are protected. The Ninth Circuit instructs that an indispensable party is anyone not party to a suit who is interested in the controversy and whose interest is such that a judgment or decree cannot be made without adversely affecting that interest. The non-joinder of an indispensable party is a fatal error and district courts cannot proceed to judgment in the absence of the indispensable party.[2]

Under Rule 19(a)(1)(B)(i), an absent party is necessary if it "has a _legally protected interest_ in the suit" and "that interest will be _impaired or impeded_ by the suit."[3] Alternatively, an absent party is also necessary if there is a potential risk

---

[1] Under Federal Rules of Civil Procedure 12(h), the defense of failure to join an indispensable party is never waived and can be raised at any time. _Wood v. City of San Diego_, 678 F.3d 1075, 1082 (9th Cir. 2012) (holding that action may be dismissed at any time under Rule 12(h) for lack of subject matter jurisdiction).

[2] _State of Washington v. United States_, 87 F.2d 421, 427 (9th Cir. 1936).

[3] _Makah Indian Tribe v. Verity_, 910 F.2d 55, 558 (9th Cir. 1990) (emphasis in original).

SHERRETT O. WALKER
P.O. Box 1543
Pacifica, California 94044-6543
(415) 305-6546

1  that adjudicating an action without the absent party could leave an existing party
2  open to "incurring double, multiple, or otherwise inconsistent obligations." Fed.
3  R. Civ. P. 19(a)(1)(B)(ii).
4      Whether an action may proceed without an indispensible party depends
5  on: (1) the extent a court's judgment could prejudice the absent party or the
6  parties before the court, (2) the extent a court could act to relieve any prejudice,
7  (3) whether judgment can be adequate in the party's absence, and (4) whether the
8  plaintiff could have adequate relief if the cause of action is dismissed. Fed. R. Civ.
9  P. 19(b)(1)-(4). All four factors weigh in favor of dismissing the counterclaims.
10      A judgment rendered in this action will affect iNDx's interests because the
11  Court will be called on to adjudicate whether and to what extent iNDx has not
12  performed its obligations under the Intercreditor Agreement, PDA and NMS
13  License Agreement.
14      The Court's ability to render an adequate judgment is further complicated
15  by the default judgment discussed below that NMS obtained against iNDx.
16      More importantly, joining iNDx as a party will divest this Court of
17  diversity jurisdiction.[4] iNDx is headquartered in California. Accordingly,
18  Defendants must pursue their claims against Eurosemillas and iNDx in the state
19  courts of California, which can provide adequate relief.

20      2.   <u>The third counterclaim by NMS against Eurosemillas is barred by *res*
21          *judicata*</u>.

22      NMS obtained a default judgment against iNDx for breach of the PDA and
23  NMS License Agreement. *See* Request for Judicial Notice, dated November 22,
24  2017 (*"RJN"*) <u>Exhibit B</u> and <u>Exhibit C</u>.

---

[4] *Biagro W. Sales Inc. v. Helena Chem. Co.*, 160 F. Supp. 2d 1136, 1141 (E.D. Cal. 2001) ("The Ninth Circuit has held that a court should grant a 12(b)(7) motion to dismiss only if the court determines that joinder would destroy jurisdiction and the nonjoined party is necessary and indispensable.").

SHERRETT O. WALKER
P.O. Box 1543
Pacifica, California 94044-6543
(415) 305-6546

The complaint NMS filed against iNDx (the **"iNDx Action"**) nowhere alleges that Eurosemillas induced iNDx to breach these two contracts or disrupted their performance. *See* RJN Exhibit A.

NMS should have joined Eurosemillas in the iNDx Action as a necessary and indispensable party. Issues regarding the nature, scope and cause of the alleged breach or disruption of performance of the PDA and NMS License Agreement cannot be relitigated because a default judgment "is considered to be a determination on the merits for purposes of *res judicata*."[5]

3. <u>New allegations in an opposition brief cannot cure the defective counterclaims</u>.

Defendants attempt to cure their defective counterclaims in their Opposition to the Motion to Dismiss with new and different allegations that nowhere appear in their counterclaims. "Additional information contained in an opposition to a motion to dismiss does not cure the defects in Plaintiff's original pleading."[6]

The following allegations and averments that Defendants make for the first time in their brief should be disregarded:

- Before and after the foreclosure, Plaintiff has conducted meetings with potential buyers and partners and what it has described as "key opinion leaders" and made unknown promises and representations about the IP that may adversely affect its commercial exploitation and development, and impede fundraising by clouding title to the IP.[7]

---

[5] *Howard v. Lewis*, 905 F.2d 1318, 1323 (9th Cir. 1990).
[6] *Rivas v. New Century Mortg. Corp.*, 2010 U.S. Dist. LEXIS 4777, *8 (S.D. Cal. 2010).
[7] Opposition (p. 9: 22-27).

SHERRETT O. WALKER
P.O. Box 1543
Pacifica, California 94044-6543
(415) 305-6546

- Intrinsically, as well, the cloud on title to the IP created by Plaintiff's wrongful assertion of ownership rights impairs the ability to raise funds for its commercial exploitation.[8]

- Plaintiff has held meetings with potential customers and key opinion leaders ("KOLs"). [9]

For the reasons stated above and in the Motion to Dismiss, Defendants' counterclaims should be dismissed without leave to amend.

Dated: November 21, 2017         Respectfully submitted,

*Sherrett Walker*

Sherrett O. Walker
Counsel for Eurosemillas S.A.

---

[8] Opposition (p. 15: 1-3).
[9] Opposition (p. 15: 12-13).

SHERRETT O. WALKER
P.O. Box 1543
Pacifica, California 94044-6543
(415) 305-6546

# CERTIFICATE OF SERVICE

I hereby certify that the above document was filed electronically with the Clerk of the United States District Court for the Northern District of California, and was served via hyperlink generated by the court's CM/ECF system, which was sent electronically to:

Steven J. Kahn
Harry D. Hochman
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
T: 415.263.7000
F: 415.263.7010
*skahn@pszjlaw.com*
*hhochman@pszjlaw.com*

I declare under penalty of perjury, under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: November 21, 2017        *Sherrett Walker*
                                Sherrett O. Walker