Sherrett O. Walker (SBN 286595)
ATTORNEY AT LAW
P.O. Box 1543
Pacifica, California 94044-6543
(415) 305-6546
*rett@walkercalawyer.com*

Counsel for Eurosemillas, S.A.,
Mohan Uttarwar and Piyush Gupta

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUROSEMILLAS, S.A.,<br><br>    Plaintiff,<br><br>    v.<br><br>PLC DIAGNOSTICS, INC.;<br>NATIONAL MEDICAL SERVICES,<br>INC.; LDIP, LLC; REUVEN DUER;<br>ERIC RIEDERS; and Does 1 – 10,<br><br>    Defendants. | Case No. 17-cv-3159-MEJ<br><br>THIRD PARTY DEFENDANTS'<br>MOTION TO DISMISS THE<br>THIRD PARTY COMPLAINT<br><br> Date:  January 18, 2018<br> Time:  10:00 a.m.<br> Place:  450 Golden Gate Ave.<br>           Courtroom B – 15th Floor<br>           San Francisco, CA<br><br> Judge:  Maria-Elena James |
| PLC DIAGNOSTICS, INC.;<br>NATIONAL MEDICAL SERVICES,<br>INC.; LDIP, LLC; REUVEN DUER;<br>ERIC RIEDERS,<br><br>    Third Party Plaintiffs,<br><br>    v.<br><br>MOHAN UTTARWAR,<br>PIYUSH GUPTA,<br><br>    Third Party Defendants. | |
| AND RELATED COUNTERCLAIMS | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 18, 2017 at 10:00 a.m., or as soon thereafter as the Court may hear the matter, before the Honorable Maria-Elena James in the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue in San Francisco, California, Mohan Uttarwar and Piyush Gupta (collectively, ***"Third Party Defendants"***) will and hereby do move to dismiss the Third Party Complaint of PLC Diagnostics, Inc. and National Medical Services, Inc. dba NMS Labs, LDIP, LLC, Reuven Duer, and Eric Rieders (collectively, ***"Third Party Plaintiffs"***).

The Motion is brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis that:

(1) The Third party defendants cannot be added to an action absent an independent jurisdictional base for inclusion.

(2) The claims for interference with contractual relations and equitable indemnity are barred by California's agent's immunity rule.

(3) The claims are further barred by the default judgment obtained by NMS Labs against iNDx Lifecare, Inc.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and Request for Judicial Notice, all pleadings and papers on file in this action, and upon such other argument and evidence as may be presented to the Court at or before the hearing.

SHERRETT O. WALKER
P.O. Box 1543
Pacifica, California 94044-6543
(415) 305-6546

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 18, 2017 at 10:00 a.m., or as soon thereafter as the Court may hear the matter, before the Honorable Maria-Elena James in the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue in San Francisco, California, Mohan Uttarwar and Piyush Gupta (collectively, ***"Third Party Defendants"***) will and hereby do move to dismiss the Third Party Complaint of PLC Diagnostics, Inc. and National Medical Services, Inc. dba NMS Labs, LDIP, LLC, Reuven Duer, and Eric Rieders (collectively, ***"Third Party Plaintiffs"***).

The Motion is brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis that:

(1) The Third party defendants cannot be added to an action absent an independent jurisdictional base for inclusion.

(2) The claims for interference with contractual relations and equitable indemnity are barred by California's agent's immunity rule.

(3) The claims are further barred by the default judgment obtained by NMS Labs against iNDx Lifecare, Inc.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, and upon such other argument and evidence as may be presented to the Court at or before the hearing.

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... iii

STATEMENT OF ISSUES TO BE DECIDED ....................................................... 1

CLAIMS ALLEGED AGAINST THE THIRD PARTY DEFENDANTS ......... 2

    1.    First Cause of Action (By All Third Party Plaintiffs Against Uttarwar for Equitable Indemnity)

    2.    Second Cause of Action (By PLC and NMS Against Uttarwar and Gupta for Intentional Interference with Contractual Relations – Intercreditor Agreement)

    3.    Third Cause of Action (By NMS Against Uttarwar and Gupta for Intentional Interference with Contractual Relations – Product Development Agreement and License Agreement)

LEGAL STANDARD ............................................................................................. 3

ARGUMENT ........................................................................................................... 4

    A.    <u>Third party defendants cannot be added to an action absent an independent jurisdictional base for inclusion</u> ............................................................................ 4

    B.    <u>The claims for interference with contractual relations are barred by California's agent's immunity rule because Uttarwar and Gupta were agents of iNDx, a party to the subject contracts</u> ................................................................... 4

    C.    <u>The agent immunity rule also bars the claim for equitable indemnity alleged against Uttarwar.</u> ........................ 6

    D.    <u>The claims are further barred by the default judgment NMS obtained against iNDx for breach of the PDA and NMS License</u> ................................................................ 8

SHERRETT O. WALKER
P.O. Box 1543
Pacifica, California 94044-6543
(415) 305-6546

# TABLE OF AUTHORITIES

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*,
 7 Cal. 4th 503 (1994) ..................................................................................5

*Aldinger v. Howard*,
 513 F.2d 1257 (9th Cir. 1975) .....................................................................4

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ....................................................................................3

*Ayala v. United States*,
 550 F.2d 1196 (9th Cir.), *cert. denied*, 435 U.S. 982 (1978).......................6

*Bay Development, Ltd. v. Superior Court*,
 50 Cal.3d 1012 (1990)................................................................................4

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007)....................................................................................3

*Blake v. Pallan*,
 554 F.2d 947 (9th Cir. 1977) .....................................................................4

*Coit v. W.U. Tel. Co.*,
 130 Cal. 657 (1900) ....................................................................................5

*Channel Lumber Co. v. Porter Simon*,
 78 Cal. App. 4th 1222 (2000) ....................................................................5

*Children's Hospital v. Sedgwick*,
 45 Cal.App.4th 1780 (1996) ......................................................................7

*GEM Developers v. Hallcraft Homes of San Diego, Inc.*,
 213 Cal. App. 3d 419 (1989) ......................................................................7

*Howard v. Lewis*,
 905 F.2d 1318 (9th Cir. 1990) ....................................................................8

*Hymer v. Chai*,
 407 F.2d 136 (9th Cir. 1969) .....................................................................4

# TABLE OF AUTHORITIES

(continued)

*Kataoka v. May Department Stores, Co.*,
   115 F.2d 521 (9th Cir. 1940) ..................................................................................4

*Libby, McNeill, & Libby v. City National Bank*,
   592 F.2d 504 (9th Cir. 1978) ..................................................................................4

*Moor v. Madigan*,
   458 F.2d 1217 (9th Cir. 1972) ................................................................................4

*Munoz v. Davis*,
   141 Cal. App. 3d 420 (1983) ..................................................................................7

*Murray v. Alaska Airlines, Inc.*,
   50 Cal. 4th 860 (2010) ............................................................................................9

*NL Indus., Inc. v. Kaplan*,
   792 F.2d 896 (9th Cir. 1986) ..................................................................................3

*Olivet v. Frischling*,
   104 Cal.App.3d 831 (1980) ....................................................................................6

*Parklane Hosiery Co. v. Shore*,
   439 U.S. 322 (1979) ................................................................................................8

*Shapoff v. Scull*,
   222 Cal. App. 3d 1457 (1990) ................................................................................6

*Velazquez v. Costco Wholesale Corp.*,
   2011 U.S. Dist. LEXIS 161590 (C.D. Cal. 2011) ..................................................6

*Weinbaum v. Goldfarb, Whitman & Cohen*,
   46 Cal. App. 4th 1310 (1996) ................................................................................6

*Western Steamship Lines, Inc. v. San Pedro Peninsula Hospital*,
   8 Cal. 4th 100 (1994) ..............................................................................................9

*Wise v. Southern Pacific*,
   223 Cal. App. 2d 50 (1963) ....................................................................................5

SHERRETT O. WALKER
P.O. Box 1543
Pacifica, California 94044-6543
(415) 305-6546

# STATEMENT OF ISSUES
# TO BE DECIDED

1. Third Party Defendants Mohan Uttarwar and Piyush Gupta and Third Party Plaintiffs PLC Diagnostics, Inc. (*"PLC"*), LDIP, LLC and Reuven Duer are all California residents.

May this Court exercise diversity jurisdiction over the claims alleged by the non-diverse Third Party Plaintiffs?

2. Uttarwar and Gupta were agents of iNDx Lifecare, Inc. (*"iNDx"*) when they oversaw the performance of iNDx's contracts.

Are the claims alleged against them for tortious interference with iNDx's contracts and equitable indemnity barred by California's agent immunity rule?

3. Third Party Plaintiff National Medical Services, Inc. (*"NMS"*) alleges that the Third Party Defendants prevented, or made more expensive, the performance of a Product Development Agreement (*"PDA"*) and License Agreement (*"NMS License"*) that NMS entered into with iNDx. In a separate action filed in this Court, NMS obtained a default judgment against iNDx for breach of these two contracts. The complaint NMS filed against iNDx nowhere alleges that Uttarwar or Gupta induced iNDx to breach the PDA and NMS License or disrupted their performance.

Is the claim for intentional interference with contractual relations barred by *res judicata* and/or collateral estoppel?

# CLAIMS ALLEGED AGAINST
# THE THIRD PARTY DEFENDANTS

1. <u>First Cause of Action (By All Third Party Plaintiffs Against Uttarwar for Equitable Indemnity).</u> [1]

The Third Party Plaintiffs allege "Uttarwar engaged in conduct that is the basis for each of the claims asserted by Eurosemillas in the Complaint against Third Party Plaintiffs. Uttarwar is equitably responsible to indemnify Third Party Plaintiffs, in full or in part, for any damages that they may incur resulting from the claims asserted by Eurosemillas in the [Second Amended] Complaint in an amount to be determined at trial."

2. <u>Second Cause of Action (By PLC and NMS Against Uttarwar and Gupta for Intentional Interference with Contractual Relations – Intercreditor Agreement).</u>[2]

PLC and NMS allege "Uttarwar and Gupta intended to disrupt performance of the Intercreditor Agreement [between PLC, NMS and iNDx], or knew that disruption of performance was certain or substantially certain to occur."

3. <u>Third Cause of Action (By NMS Against Uttarwar and Gupta for Intentional Interference with Contractual Relations – Product Development Agreement and License Agreement).</u>[3]

Defendants PLC and NMS allege that "Eurosemillas asserts an interest in the Collateral and purported distribution rights to the intellectual property forming the Collateral in the European Union and Latin America markets. PLC and NMS dispute that Eurosemillas has any rights to the Collateral nor any distribution rights to the subject intellectual property anywhere in the world, including the European Union and Latin America markets."

---

[1] Third Party Complaint ¶¶ 50-52 (p. 8) (Dkt 31).
[2] Third Party Complaint ¶¶ 53-60 (pp. 8-9).
[3] Third Party Complaint ¶¶ 61-68 (p. 9).

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss for failure to state a claim should be granted when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.[4]

In considering whether the complaint is sufficient to state a claim, the court takes all material allegations as true and construes them in the light most favorable to the plaintiff.[5]

But this principle does not apply to legal conclusions: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true.[6]

## ARGUMENT

The Third Party Plaintiffs bring three meritless claims against Uttarwar and Gupta to harass and to intimidate and/or needlessly increase the costs of this litigation. The claims are legally barred, and their fatal defects cannot be cured by amendment.

### A. Third party defendants cannot be added to an action absent an independent jurisdictional base for inclusion.

PLC, Reuven Duer and LDIP (collectively, *"Non-Diverse Plaintiffs"*) base their claims against Uttarwar and Gupta on supplemental jurisdiction under 28 U.S.C. § 1367(a). They contend that the Court may assert jurisdiction over their claims "because they are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[7]

---

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[5] *NL Indus., Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir. 1986).
[6] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Holomaxx Tech. v. Microsoft Corp.,* 783 F. Supp. 2d 1097, 1103 (N.D. Cal. 2011)
[7] Third Party Complaint ¶ 9 (p. 1: 24-26).

The Non-Diverse Plaintiffs cannot rely on pendent party jurisdiction as a jurisdictional basis for suing Uttarwar and Gupta. A federal court may not assert pendent party jurisdiction over a person who is a third party defendant in claims brought under Rule 13(a) and (h) of the Federal Rules of Civil Procedure where the claims are unsupported by an independent federal jurisdictional base.

An independent jurisdictional base is missing because the Non-Diverse Plaintiffs, Uttarwar and Gupta are all California citizens and the claims alleged are not based on the violation of a federal statute.

The Ninth Circuit historically has been hostile to the concept of pendent party jurisdiction.[8] The Court repeatedly has held that parties may not be added to an action absent an independent jurisdictional basis for inclusion and that pendent party jurisdiction will not substitute for complete diversity or a federal question.[9] Accordingly, the claims the Non-Diverse Plaintiffs allege against Uttarwar and Gupta must be dismissed for want of subject matter jurisdiction.

### B. The claims for interference with contractual relations are barred by California's agent's immunity rule because Uttarwar and Gupta were agents of iNDx, a party to the subject contracts.

Uttarwar was CEO and Gupta was the Managing Consultant for iNDx during the relevant time period alleged in the Third Party Complaint. They also were members of iNDx's board of directors.[10]

---

[8] *See generally* Note, Federal Pendent Party Jurisdiction and United Mineworkers v. Gibbs—Federal Question and Diversity Cases, 62 U.Va.L.Rev. 194, 206-08 (1976).

[9] *See Libby, McNeill, & Libby v. City National Bank,* 592 F.2d 504, 510 (9th Cir. 1978); *Ayala v. United States,* 550 F.2d 1196, 1198-2000 (9th Cir.), *cert. denied*, 435 U.S. 982, (1978); *Blake v. Pallan,* 554 F.2d 947, 957-58 (9th Cir. 1977); *Aldinger v. Howard,* 513 F.2d 1257, 1259-61 (9th Cir. 1975); *Moor v. Madigan,* 458 F.2d 1217, 1220-22 (9th Cir. 1972); *Hymer v. Chai,* 407 F.2d 136, 137-38 (9th Cir. 1969); *Kataoka v. May Department Stores, Co.*, 115 F.2d 521, 522 (9th Cir. 1940).

[10] Third Party Complaint ¶¶ 12-13 (p. 8) (Dkt 31).

At all times, Uttarwar and Gupta acted under the direction and for the benefit of their principal with respect to the performance of the Intercreditor Agreement, PDA and NMS License.

As a matter of law, they cannot be held personally liable for interfering with iNDx's contracts because "corporate agents and employees acting for or on behalf of the corporation cannot be held liable for inducing a breach of the corporation's contract since being in a confidential relationship to the corporation their action in this respect is privileged."[11]

"The essence of an agency relationship is the delegation of authority from the principal to the agent which permits the agent to act not only **for**, but **in the place of**, his principal in dealings with third parties. The heart of agency is expressed in the ancient maxim: *Qui facit per alium facit per se.* (He who acts through another acts by or for himself.)"[12]

Consistent with this principle, the law provides that "all the rights and liabilities which would accrue to the agent from transactions within such limit, if they had been entered into on his own account, accrue to the principal."[13]

California recognizes a privilege for those managing another person's contractual performance.

"The privilege to induce an otherwise apparently tortious breach of contract is extended by law to further certain social interests deemed of sufficient importance to merit protection from liability. Thus, a manager or agent may, with

---

[11] *Wise v. Southern Pacific*, 223 Cal.App.2d 50, 72-73 (1963); *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 514 (1994) ("The tort duty not to interfere with the contract falls only on strangers—interlopers who have no legitimate interest in the scope or course of the contract's performance.").

[12] *Channel Lumber Co. v. Porter Simon*, 78 Cal. App. 4th 1222, 1227 (2000); *see also Coit v. W.U. Tel. Co.,* 130 Cal. 657, 663 (1900) (the **principal** could "only **stand in** [the **agent's**] **shoes**").

[13] Cal. Civil Code § 2330.

impersonal or disinterested motive, properly endeavor to protect the interests of his principal by counseling the breach of a contract with a third party which he reasonably believes to be harmful to his employer's best interests."[14]

"To claim the privilege, a manager or advisor need not be acting solely on behalf of his employer or client; rather he is entitled to the protection of the privilege so long as he can establish his employer's or client's interest was one of the factors motivating his conduct or advice."[15]

Whatever Uttarwar and Gupta did regarding the performance or non-performance of iNDx's contracts they did so to protect iNDx's interest.

Moreover, as an independently sufficient ground, their actions must be deemed to have been taken by iNDx itself through its agents. iNDx is a party to the Intercreditor Agreement, PDA and NMS License.

Because parties to a contract may not be held liable in tort for interfering with contracts to which they are a party, Uttarwar and Gupta cannot be held personally liable for interfering with iNDx's contractual obligations.[16]

C. <u>The agent immunity rule also bars the claim for equitable indemnity alleged against Uttarwar.</u>

California recognizes only two basic types of indemnity: express indemnity and equitable indemnity.[17]

Express indemnity does not apply here because the Third Party Plaintiffs make no claim that Uttarwar expressly contracted to indemnify them for the type

---

[14] *Olivet v. Frischling*, 104 Cal. App. 3d 831, 841 (1980).
[15] *Shapoff v. Scull,* 222 Cal.App.3d 1457, 1469 (1990).
[16] *Weinbaum v. Goldfarb, Whitman & Cohen*, 46 Cal. App. 4th 1310, 1316–1317 (1996) (holding that **a contracting party is incapable of interfering with the performance of his or her own contract and cannot be held liable in tort for conspiracy to interfere with his or her own contract**).
[17] *Bay Development, Ltd. v. Superior Court*, 50 Cal.3d 1012, 1029–1030 & fn. 10 (1990).

SHERRETT O. WALKER
P.O. Box 1543
Pacifica, California 94044-6543
(415) 305-6546

of damages alleged in their complaint.[18]

Under the doctrine of equitable indemnity, "defendants are entitled to seek apportionment of loss between the wrongdoers in proportion to their relative culpability . . . ."[19]

To recover under equitable indemnity, the Third Party Plantiffs must show Uttarwar would be personally liable for the same claims that Eurosemillas alleges against them in its Second Amended Complaint. (Dkt. 27)

A key restrictive feature of traditional equitable indemnity is that, on matters of substantive law, the doctrine is "wholly derivative and subject to whatever immunities or other limitations on liability would otherwise be available" against the injured party.[20]

"In other words, unless the prospective indemnitor [Uttarwar] and indemnitee [Third Party Plaintiffs] are jointly and severally liable to the plaintiff [Eurosemillas] there is no basis for indemnity."[21]

Uttarwar cannot be held jointly and severally liable to Eurosemillas for the four causes of action alleged in the Second Amended Complaint because they all arise or relate to an Intercredtior Agreement entered into between iNDx, Eurosemillas, PLC and NMS.

---

[18] *Id.* (explaining that express indemnity refers to an obligation that arises by virtue of express contractual language establishing a duty in one party to save another harmless upon the occurrence of specified circumstances).

[19] *GEM Developers v. Hallcraft Homes of San Diego, Inc.*, 213 Cal. App. 3d 419, 426 (1989).

[20] *Western Steamship Lines, Inc. v. San Pedro Peninsula Hospital*, 8 Cal. 4th 100, 114 (1994) ("Indemnity . . . is premised on a joint legal obligation to another for damages."); *see Children's Hospital v. Sedgwick,* 45 Cal.App.4th 1780, 1787 (1996) ("As against the indemnitee, the indemnitor may invoke any substantive defense to liability that is available against the injured party.").

[21] *Munoz v. Davis*, 141 Cal. App. 3d 420, 425 (1983).

For the reasons explained in Section B, above, Uttarwar—as iNDx's agent acting on behalf of his principal—is protected by the agent's immunity rule. Stated simply: "there can be no indemnity without liability."[22]

### D. The claims are further barred by the default judgment NMS obtained against iNDx for breach of the PDA and NMS License Agreement.

NMS obtained a default judgment against iNDx for breach of the PDA and NMS License Agreement. *See* Request for Judicial Notice, dated December 19, 2017 (*"RJN"*) Exhibit B and Exhibit C.

The complaint NMS filed against iNDx (the *"iNDx Action"*) nowhere alleges that Uttarwar and Gupta induced iNDx to breach these two contracts or disrupted their performance. *See* RJN Exhibit A.

NMS should have joined Uttarwar and Gupta in the iNDx Action as a necessary and indispensable party. Failure to do so proves fatal because the claims for tortious interference with iNDx's contracts are now barred by *res judicata* and/or collateral estoppel.

Issues regarding the nature, scope and cause of the alleged breach or disruption of performance of the PDA and NMS License cannot be relitigated because a default judgment "is considered to be a determination on the merits for purposes of *res judicata*."[23]

"Collateral estoppel, like the related doctrine of *res judicata*, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation."[24] The Ninth Circuit has identified several factors to consider in determining whether there was a full and fair opportunity to litigate the issue in the previous action: "whether there is a 'substantial overlap'

---

[22] *Id.*
[23] *Howard v. Lewis*, 905 F.2d 1318, 1323 (9th Cir. 1990).
[24] *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979).

MOTION TO DISMISS THIRD PARTY COMPLAINT -8- Case No. 17-cv-3159-MEJ

between the argument to be advanced in the second proceeding as was advanced in the first; whether the argument involves the same rule of law as in the prior proceeding; whether pretrial preparation and discovery in the first action embraced the matter presented in the second; and whether the claims involved in the two proceedings are closely related."[25] Those factors are all met.

There is more than a "substantial overlap" between the arguments made in the iNDx Action and this case. NMS argued in the iNDx Action that iNDx breached the PDA and NMS License.

In this case, NMS contends that Uttarwar and Gupta induced the breach or disrupted the performance of these contracts. The same laws and claims regarding breach of contract are implicated in both actions.

All the issues in this case regarding iNDx's breach of the PDA and NMS License should be deemed to have been "actually litigated" even though NMS obtained a default judgment. For purposes of determining whether an issue was "actually litigated," in California "[i]t is the opportunity to litigate that is important in these cases, not whether the litigant availed himself or herself of the opportunity."[26]

Finally, NMS, the party against whom collateral estoppel is asserted in the present action, was a party in the iNDx Action.

Dated: December 19, 2017    Respectfully submitted,

*Sherrett Walker*

Sherrett O. Walker
Counsel for Eurosemillas S.A.,
Mohan Uttarwar and Piyush Gupta

---

[25] *Velazquez v. Costco Wholesale Corp.*, No. SACV11508JVSRNBX, 2011 U.S. Dist. LEXIS 161590, 2011 WL 13152476, at *2 (C.D. Cal. 2011).

[26] *Murray v. Alaska Airlines, Inc.*, 50 Cal. 4th 860, 869 (2010).

# CERTIFICATE OF SERVICE

I hereby certify that the above document was filed electronically with the Clerk of the United States District Court for the Northern District of California, and was served via hyperlink generated by the court's CM/ECF system, which was sent electronically to:

Steven J. Kahn
Harry D. Hochman
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
T: 415.263.7000
F: 415.263.7010
*skahn@pszjlaw.com*
*hhochman@pszjlaw.com*

I declare under penalty of perjury, under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: December 19, 2017      _/s/ Sherrett Walker_
                              Sherrett O. Walker