Sherrett O. Walker (SBN 286595)
ATTORNEY AT LAW
P.O. Box 1543
Pacifica, California 94044-6543
(415) 305-6546
*rett@walkercalawyer.com*

Counsel for Eurosemillas, S.A.,

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUROSEMILLAS, S.A.,<br><br>            Plaintiff,<br><br>      v.<br><br>PLC DIAGNOSTICS, INC.;<br>NATIONAL MEDICAL SERVICES,<br>INC.; LDIP, LLC; REUVEN DUER;<br>ERIC RIEDERS; and Does 1 – 10,<br><br>            Defendants. | Case No. 17-cv-3159-MEJ<br><br><br>REPLY TO THE OPPOSITION TO THE MOTION FOR SANCTIONS FILED BY EUROSEMILLAS S.A.<br><br>[F. R. Civ. Proc. 11] |
| PLC DIAGNOSTICS, INC.;<br>NATIONAL MEDICAL SERVICES,<br>INC.,<br><br>            Counterclaimants,<br><br>      v.<br><br>EUROSEMILLAS, S.A,<br><br>            Counterdefendant. | Date:   April 5, 2018<br>Time:   10:00 a.m.<br>Place:   450 Golden Gate Ave.<br>            Courtroom B – 15th Floor<br>            San Francisco, CA<br><br>Judge:   Maria-Elena James |

# TABLE OF CONTENTS

INTRODUCTION.................................................................................................. 1

ARGUMENTS IN PRIOR COURT FILINGS
     INCORPORATED BY REFERENCE ....................................................... 2

ARGUMENT ..................................................................................................... 3

    A.    <u>The sincere belief of counsel does not save the
counterclaims they drafted from being legally
and factually baseless</u> ..................................................................... 5

    B.    <u>PLC/NMS' Opposition confirms that counsel
did not conduct a reasonable and competent inquiry</u> .............. 7

    C.    <u>Advancing even a single invalid theory warrants
the imposition of sanctions.</u> ...................................................... 9

SHERRETT O. WALKER
P.O. Box 1543
Pacifica, California 94044-6543
(415) 305-6546

**INTRODUCTION**

Eurosemillas, S.A. (*"**Eurosemillas**"*) files this Reply Brief to the Opposition filed by PLC Diagnostics, Inc. and National Medical Services, Inc. dba NMS Labs (collectively, "***PLC/NMS***") to Eurosemillas' Motion for Sanctions.

The gravamen of the counterclaims is that Eurosemillas induced iNDx Lifecare, Inc. (*"**iNDx**"*) to breach the following three contracts:  Intercreditor Agreement, Product Development Agreement, and License Agreement.

Sanctions are appropriate because PLC/NMS and their attorneys, even in their Opposition, continue to promote objectively unreasonable claims of tortious interference with contractual relations. They exaggerate, mischaracterize and ignore not just the plain reading of settled California law, but also the plain language of the facially deficient counterclaims they presented to this Court.

First, PLC/NMS failed to identify the specific breaches of iNDx's contracts, and the type of harm caused by these alleged breaches, as the Court pointed out in its February 9, 2018 Order (Dkt 72).

Second, and more critically, they failed to address how this Court could even exercise subject matter jurisdiction over the counterclaims because PLC/NMS failed to join iNDx—an indispensible party to the action.

The existence of subject matter jurisdiction ***may be raised at any time***. Whether federal courts have subject matter jurisdiction lies at the heart of their power to decide the controversy before them, and therefore a court ***must*** consider a challenge to its jurisdiction whenever, and however, it is brought to the court's attention—as Eurosemillas did here months ago in a Reply Brief.[1]

---

[1]   *Bolton v. McEwen,* 2014 U.S. Dist. LEXIS 122892 (E.D. Cal. 2014) citing *Community Health Plan of Ohio v. Mosser,* 347 F.3d 619, 622 (6th Cir. 2003) (because existence of subject matter jurisdiction may be raised any time, by any party or sua sponte, "we will hear [defendant's] subject matter jurisdiction issue ***despite the fact that he raised it for the first time in his reply brief***").

SHERRETT O. WALKER
P.O. Box 1543
Pacifica, California 94044-6543
(415) 305-6546

-1-

1
2
3

Sanctions should be levied against PLC/NMS and their attorneys for having presented legally and factually baseless claims and for not having conducted a reasonable and competent inquiry.

4
5

### ARGUMENTS IN PRIOR COURT FILINGS INCORPORATED BY REFERENCE

6
7
8

The Notice of Motion informed the parties and this Court that the sanctions motion is based not only on the moving and supporting papers, but also "all pleadings and papers on file in this action."

9
10
11

To avoid burdening the Court with an unnecessarily lengthy Reply Brief, Eurosemillas specifically incorporates by reference all the issues, arguments and supporting evidence presented in the following filings:

12
13

1.   Eurosemillas, S.A. Motion to Dismiss Defendants' Counterclaims (Dkt 46).

14
15

2.   Reply to the Opposition to the Motion to Dismiss Defendants' Counterclaims (Dkt 51).

16
17

3.   Third Party Defendants' Motion to Dismiss the Third Party Complaint (Dkt 54).

18
19

4.   Reply to the Opposition to the Motion to Dismiss the Third Party Complaint (Dkt 66).

20
21

5.   Sherrett O. Walker Declaration Re: Motions to Dismiss (Dkt 68).

22

6.   Eurosemillas, S.A., Mohan Uttarwar and Piyush Gupta Response to the Court's February 9, 2018 Order (Dkt 74).

23
24
25
26

Also incorporated by reference is the analysis and legal authority cited in the Court's Order, dated February 9, 2018 (Dkt 72), regarding the deficiencies of PLC/NMS' counterclaims.

27
28

SHERRETT O. WALKER
P.O. Box 1543
Pacifica, California 94044-6543
(415) 305-6546

SHERRETT O. WALKER
P.O. Box 1543
Pacifica, California 94044-6543
(415) 305-6546

**ARGUMENT**

In determining whether Rule 11 has been violated, a "court must consider factual questions regarding the nature of the attorney's pre-filing inquiry and the factual basis of the pleading."[2]

***That the Court did not get to rule on the merits of the counterclaims because they were dismissed before the Court ruled on Eurosemillas' Motion to Dismiss is not sufficient reason to refuse to impose sanctions.***

Whether PLC/NMS abused the judicial process by making factual contentions lacking evidentiary support can be resolved without reaching the merits of their counterclaims. Recently, U.S. District Court Judge Beth Labson Freeman, quoting the United States Supreme Court, correctly observed that "the imposition of a Rule 11 sanction ***is not a judgment on the merits*** of an action. Rather, it requires the determination of a collateral issue:  whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate."[3]

Eurosemillas requests that this Court make such an inquiry here and conduct an independent assessment of the adequacy of counsel's pre-filing investigation, and not be guided solely by the fact that the Court did not rule on the merits of the counterclaims before PLC/NMS voluntarily dismissed them.

District courts have a mandatory duty to impose sanctions when Rule 11 is violated as it was here.[4]

---

[2]   *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 399 (1990).

[3]   *Phigenix, Inc. v. Genentech Inc.*, No. 15-CV-01238- BLF, 2016 U.S. Dist. LEXIS 150752, at *5 (N.D. Cal. Oct. 31, 2016) (emphasis added).

[4]   *Golden Eagle Distributing Corp. v. Burroughs Corp.*, 801 F.2d at 1538; *Eastway Constr. Corp.  v. City of New York*, 762 F.2d 243, 254 n.7 (2d Cir. 1985) ("Unlike the statutory provisions that vest the district court with 'discretion' to award fees, Rule 11 is clearly phrased as a directive. Accordingly, where strictures of the rule have been transgressed it is incumbent upon the district court to fashion proper sanctions.").

SHERRETT O. WALKER
P.O. Box 1543
Pacifica, California 94044-6543
(415) 305-6546

1  "Unlike the statutory provisions that vest the district court with 'discretion'

2  to award fees, Rule 11 is clearly phrased as a directive. Accordingly, where

3  strictures of the rule have been transgressed it is incumbent upon the district

4  court to fashion proper sanctions."[5] "There is no room for a pure heart, empty

5  head defense under Rule 11."[6]

6       A basic purpose of Rule 11, as the Ninth Circuit and the Advisory

7  Committee that drafted the Rule observed, is to "'reduce frivolous claims,

8  defenses or motions' and to deter 'costly meritless maneuvers,' . . . . [thereby]

9  avoid[ing] delay and unnecessary expense in litigation."[7] While expediting

10 litigation is a basic purpose of Rule 11, it is not the sole purpose.  In appropriate

11 circumstances, a district court may impose a punitive sanction for the filing of a

12 paper that lacks factual foundation and is intended to mislead the Court and

13 opposing parties, even if the paper does not significantly delay proceedings,

14 because of the disrespect shown to judicial process.

15      When a complaint is challenged under Rule 11, a district court must

16 conduct a two-prong inquiry to determine whether the complaint is frivolous:

17 "(1) whether the complaint is legally or factually baseless from an objective

18 perspective, and (2) if the attorney has conducted a reasonable and competent

19 inquiry before signing and filing it."[8]

20      In this context, "frivolous" means that a filing "is both baseless and made

21 without a reasonable and competent inquiry."[9] The counterclaims fell short of

22 meeting this obligation.

23 _____

24 [5]  *Mercury Service, Inc. v. Allied Bank of Texas*, 117 F.R.D. 147, 156 (C.D. Cal. 1987) , aff d , 907 F.2d 154 (9th Cir. 1990) (citation omitted).

25 [6]  Schwarzer, *Sanctions Under the New Federal Rule 11 -- A Closer Look*, 104 F.R.D.
26 181, 187 (1985).

27 [7]  *Golden Eagle Distributing Corp.*, 801 F.2d at 1536; Advisory Committee Note, 97 F.R.D. 165, 192 (1983).

28 [8]  *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002).

SHERRETT O. WALKER
P.O. Box 1543
Pacifica, California 94044-6543
(415) 305-6546

In their Opposition, PLC/NMS and their former and current counsel persist in advancing baseless legal arguments and erroneous factual allegations that lack evidentiary support, even after being put on notice of the defects by repeated motion practice and the pointed questions in this Court's February 9 Order.

Because they could not answer these basic questions, new counsel finally did the only thing they could do:  dismiss all but one of PLC/NMS' frivolous counterclaims.

A.    The sincere belief of counsel does not save the counterclaims they drafted from being legally and factually baseless.

Under Rule 11, **sanctions** are appropriate if, measured objectively, a motion or paper is **frivolous**, legally unreasonable, or without factual foundation.[10] The rule creates an "affirmative duty of investigation both as to law and as to fact before motions are filed." [11] Stated differently, an objective standard means that the question of a party's subjective intent to make a frivolous claim or argument is irrelevant. In other words, here the Court must consider whether a reasonable attorney would have found PLC/NMS' counterclaims warranted by existing law.[12] In its February 9 Order, the Court plainly suggests that it found the counterclaims to be both legally and factually baseless.

First, the Court correctly noted that the counterclaims are legally baseless because they nowhere allege an actual breach of the Product Development Agreement and License Agreement. [13] (Dkt 71 – page 4:10-17).

---

[9]    *Moore v. Keegan Mgmt. Co. (In re Keegan Mgmt. Co., Sec. Litig.),* 78 F.3d 431, 434 (9th Cir. 1996).

[10]   *Zaldivar* v. *City of Los Angeles,* 780 F.2d 823, 831 (9th Cir. 1986).

[11]   *Golden Eagle Distributing Corp,* 801 F.2d 1531, 1536 (9th Cir. 1986).

[12]   *G.C. & K.B. Invs., Inc. v. Wilson,* 326 F.3d 1096, 1109 (9th Cir. 2003).

[13]   *Integrated Storage Consulting Servs., Inc. v. NetApp, Inc.,* 2013 WL 3974537, at *10 (N.D. Cal. July 31, 2013) (plaintiff must allege facts showing how contractual relationships ended to allege a breach or disruption of contractual relations).

SHERRETT O. WALKER
P.O. Box 1543
Pacifica, California 94044-6543
(415) 305-6546

Second, agreeing with Eurosemillas,[14] the Court further correctly noted that the counterclaims failed to "allege the type of harm caused by the alleged breaches of the Intercreditor Agreement, the PDA, and the License Agreement, as opposed to conclusory allegations that they have 'suffered or will suffer harm'?" (Dkt 71 – page 3:18-21).

Harry D. Hochman, former counsel for PLC/NMS, touts the extensive experience that he (31 years) and co-counsel, Steven Khan (41 years), have practicing law. Surely then, during their combined 70+ years engaged in civil litigation, they learned how to plead a garden variety business tort for interference with contractual relations. If they did not, then Mr. Hochman and Mr. Kahn readily could, and should, have conducted some basic legal research and performed more than a cursory factual inquiry to support PLC/NMS' counterclaims.

Their failure to take these basic steps—which a reasonable attorney would have taken—resulted in PLC/NMS filing frivolous counterclaims because they were legally baseless and failed to articulate the necessary particularized factual basis to support them.

PLC/NMS never addressed the following challenges:  (1) the court's lack of subject matter jurisdiction on grounds that iNDx is an indispensible party that was not, and could not, be joined in the action, (2) the business tort claims were barred on the face of the allegations by the applicable statute of limitations, and (3) the counterclaims were barred under issue preclusion of the doctrine of *res judicata*. While these issues were not raised in the initial sanctions motion, they were brought to the attention of PLC/NMS' attorneys and the Court as soon as Eurosemillas' new counsel became aware of them.[15]

---

[14]  *See* Eurosemillas' Motion to Dismiss Defendants' Counterclaims (Dkt 46).

[15]  These challenges promptly would have been asserted in a separate F. R. Civ. P. 12(c) motion for judgment on the pleadings had the Court declined to consider

Eurosemillas respectfully asks the Court to consider these additional challenges because they are all valid, independent legal bases that further demonstrate that counsel failed to investigate applicable law before filing the counterclaims. Any reasonable investigation into the validity of these theories would have alerted PLC/NMS and their attorneys that the counterclaims alleged against Eurosemillas had no chance for success and never should have been filed.

B.  **PLC/NMS' Opposition confirms that counsel did not conduct a reasonable and competent inquiry.**

The Ninth Circuit has observed that a good indicator of the failure of counsel to conduct a reasonable inquiry is the decision of new counsel to dismiss a frivolous complaint,[16] as new counsel (Diamond & McCarthy LL) did here shortly after substituting in for PLC/NMS' former counsel (Pachulski Stang Ziehl & Jones LLP) in December 2017 (Dkt 57).[17]

The law offices of former counsel represented PLC/NMS' interests for over a year before Eurosemillas filed the underlying action.[18] Former counsel, therefore, was intimately familiar with the Intercreditor Agreement, Product Development Agreement and License Agreement.

The procedural posture in *Holgate v. Baldwin* is analogous to this case because new counsel in that case, like new counsel here, did not have the benefit of any discovery and yet both—prudently—decided to dismiss the complaint.[19]

---

them if the Court had ruled on Eurosemillas' Motion to Dismiss and not dismissed the counterclaims. *See* S. Walker Declaration fn. 2 page 3 (Dkt 68).

[16]  *Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005).

[17]  Two out of three counterclaims were dismissed upon the filing of the Second Amended Answer and Counterclaim for Declaratory Relief (Dkt 80, 82).

[18]  *See* letter dated October 31, 2016, from Gayle A. Athanacio (counsel for Eurosemillas) to Maxim V. Litvak (former counsel of PLC/NMS) attached as Exhibit C to Eurosemillas' Second Amended Complaint (Dkt 27).

[19]  *Holgate*, 425 F.3d at 677.

SHERRETT O. WALKER
P.O. Box 1543
Pacifica, California 94044-6543
(415) 305-6546

SHERRETT O. WALKER
P.O. Box 1543
Pacifica, California 94044-6543
(415) 305-6546

> The fact that [plaintiffs'] second counsel recommended . . . voluntary dismissal of the complaint suggests that [former counsel] did not conduct a reasonable inquiry before filing the complaint. When the plaintiffs filed for voluntary dismissal, no discovery had been conducted. Their new attorney, therefore, did not have the benefit of any information that Levinson could not have acquired through a reasonable legal investigation. Even the most cursory legal inquiry would have revealed the required elements of the federal claims asserted, elements that the [plaintiffs'] complaint did not allege. Accordingly, the district court did not abuse its discretion in concluding that [former counsel] failed to conduct an adequate investigation before filing the complaint.[20]

Here, former counsel failed to conduct a reasonable and competent inquiry because none of the documents ostensibly reviewed would have provided evidence of damages sustained as a result of breaches of iNDx's contracts.[21]

The damages were so speculative, or simply non-existent, and the purported contracts so illusory that, ultimately, new counsel determined that breaches could not be alleged even under the liberal notice pleading standard of the Federal Rules of Civil Procedure 8(a).

Remarkably, former counsel reference no other evidence reviewed or witnesses they interviewed to form their belief that Eurosemillas interfered with iNDx's contracts.

---

[20] *Holgate*, 425 F.3d at 677.

[21] Mr. Hochman contends that he and Mr. Kahn reviewed the Intercreditor Agreement, Product Development Agreement, License Agreement, promissory notes, U.C.C. filings, a Joint Venture Agreement, correspondence between the parties and attorneys, board meeting minutes and sundry other documents. Hr. Hochman fails to explain how or why these documents would have any ***evidence*** of damages or breaches of contracts between iNDx and PLC/NMS. *See* **Harry D. Hochman** Declaration ¶ 6 (Dkt 85-1).

Stated simply and bluntly, PLC/NMS cannot circumvent this lack of evidentiary support for their counterclaims by submitting their former counsel's good-faith belief that PLC/NMS's claims were necessary and well founded.[22]

This case will likely become even more contentious after the parties launch headlong into full-fledged litigation once the pleadings have been settled.

Sanctions are warranted to deter PLC/NMS and their attorneys from continuing to abuse the judicial process and waste everyones' time as they with their recently-withdrawn counterclaims against Eurosemillas and their frivolous Third Party Complaint against Mohan Uttarwar and Piyush Gupta.

C.   <u>Advancing even a single invalid theory warrants the imposition of sanctions.</u>

The Court need not find that the claims are frivolous as a whole to conclude that Rule 11 sanctions are warranted. Rule 11 "makes clear that sanctions may be based on a single invalid legal or factual theory, even if other asserted theories are valid."[23]

"Advancing even a single invalid theory forces the defendant to respond and to do work it should not have been required to do. Each claim takes up the time of the legal system and the opposing side. A single claim . . . may occasion the expenditure of hundreds or thousands of hours, as opposing counsel try to verify or refute the allegations and theories."[24] California courts have ruled similarly in cases levying state statutory sanctions for frivolous claims.[25]

---

[22]   *See Lloyd v. Schlag,* 884 F. 2d 409, 411-12 (9th Cir. 1989) (an assertion of good faith is not a defense to a Rule 11 motion, which is determined by an objective standard).

[23]   *Antonious v. Spalding & Evenflow Cos., Inc.,* 275 F.3d 1066, 1075 (Fed. Cir. 2002).

[24]   *Id.*

[25]   *See generally Crowley v. Katleman,* 8 Cal. 4th 666 (1994) (authorizing sanctions where some but not all claims are legally or factually frivolous or filed for an improper purpose).

SHERRETT O. WALKER
P.O. Box 1543
Pacifica, California 94044-6543
(415) 305-6546

1    Indeed, sanctions are appropriate because the counterclaims involve

2 "allegations or claims" that are both "baseless and made without a reasonable

3 and competent inquiry,"[26] even if the Court denies Eurosemillas' Motion to

4 Dismiss the single remaining counterclaim for declaratory relief.

5    Because new counsel withdrew two out of the three counterclaims, the

6 Court should find that, at a minimum, these two claims were objectively

7 unfounded and sanctionable.[27]

8
Dated:  March 22, 2018              Respectfully submitted,

9

10                                  Sherrett O. Walker
                                    Counsel for Eurosemillas, S.A.
11

12

SHERRETT O. WALKER
P.O. Box 1543
Pacifica, California 94044-6543
(415) 305-6546

---

25   [26]   *In re Grantham Bros.,* 922 F.2d 1438, 1441-42 (9th Cir. 1991).

26   [27]   *See Townsend v. Holman Consulting Corp.,* 914 F.2d 1136, 1141 (9th Cir. 1990)("A

27   district court confronted with solid evidence of a pleading's frivolousness may
     in circumstances that warrant it infer that it was filed for an improper purpose.

28   . . . This is permissible because the test for improper purpose is objective."

**CERTIFICATE OF SERVICE**

I hereby certify that the above document was filed electronically with the Clerk of the United States District Court for the Northern District of California, and was served via hyperlink generated by the court's CM/ECF system, which was sent electronically to:

Christopher D. Sullivan
*csullivan@diamondmccarthy.com*
DIAMOND McCARTHY LLP
150 California Street, Suite 2200
San Francisco, California 94111
Tel: (415) 692-5200

I declare under penalty of perjury, under the laws of the State of California and the United States of America, that the foregoing is true and correct.

Dated:  March 22, 2018

Sherrett O. Walker

SHERRETT O. WALKER
P.O. Box 1543
Pacifica, California 94044-6543
(415) 305-6546

REPLY TO THE OPPOSITION TO
EUROSEMILLA'S MOTION FOR SANCTIONS

-11-

Case No. 17-cv-3159-MEJ