UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUROSEMILLAS, S.A., <br> Plaintiff, <br> v. <br> PLC DIAGNOSTICS INC., et al., <br> Defendants. | Case No. 17-cv-03159-MEJ <br><br> **ORDER RE: MOTION TO DISMISS COUNTERCLAIM FOR DECLARATORY RELIEF; MOTION FOR SANCTIONS** <br><br> Re: Dkt. Nos. 83, 84 |

This matter is currently scheduled for a hearing on April 5, 2018 regarding Plaintiff's Motion to Dismiss the Counterclaim and Motion for Sanctions. *See* MTD, Dkt. No. 83; Mot. for Sanctions, Dkt. No. 84. Defendants filed oppositions to both motions. MTD Opp'n, Dkt. No. 86; Mot. for Sanctions Opp'n, Dkt. No. 87. Plaintiff filed replies. MTD Reply, Dkt. No. 89; Mot. for Sanctions Reply, Dkt. No. 91. Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds these matters suitable for disposition without oral argument and VACATES the April 5, 2018 hearing.

Plaintiff has not demonstrated at this juncture that the counterclaim for declaratory relief is redundant such that it can be stricken pursuant to Federal Rule of Civil Procedure 12(f), or that it fails to state a claim such that it can be dismissed pursuant to Rule 12(b)(6). Based on the record in this matter, the Court declines to strike or dismiss the counterclaim. The Motion to Dismiss the Counterclaim is DENIED.

The Motion for Sanctions is based on Plaintiff's contention that the counterclaims Defendants initially filed in this action were presented for an improper purpose, were not warranted by existing law, or did not constitute a non-frivolous argument. *See* Mot. for Sanctions. The Motion does not acknowledge that, after the Court heard oral argument and ordered the

parties to submit further briefing on a number of issues (Dkt. No. 72), Plaintiff stipulated to Defendants' filing of a single amended counterclaim for declaratory relief (Dkt. No. 79), which omitted the remainder of their original counterclaims (Dkt. No. 82). In any event, the Court denies the Motion for Sanctions based on the same reasoning it applied in denying Plaintiff's Motion for Sanctions against Third Party Plaintiffs (Order, Dkt. No. 88), and because it denies Plaintiff's Motion to Dismiss the remaining counterclaim for declaratory relief.

The Court also reminds Plaintiff that it voluntarily amended its original complaint after Defendants filed their first Motion to Dismiss (First Mot., Dkt. No. 12; Am. Compl., Dkt. No. 17), and that the Court granted Defendants' second Motion to Dismiss (Second Mot., Dkt. No. 20; Aug. 2017 Order, Dkt. No. 26 (Plaintiff fails to state a breach of contract claim against NMS; fails to state a breach of implied covenant of good faith and fair dealing claim against either NMS or PLC; fails to state a fraudulent inducement claim against any defendant; and fails to state a UCL claim against any defendant)). Defendants bore the costs of twice moving to dismiss Plaintiff's claims before it was able to state a claim in the Second Amended Complaint (Dkt. No. 27).[1]

The Court echoes Plaintiff's counsel's observation that the parties have engaged in "heavy and contentious motion practice[.]" MTD Reply at 4. Indeed, to date, the parties have asked the Court to rule on five motions to dismiss and two motions for sanctions. *See* Dkt. Nos. 12, 20, 46, 54, 78, 83, 84. The Court shares counsel's concern that this "presages the path that lies ahead" (MTD Reply at 4), but this alone does not establish prejudice.[2]

The Court observes that the parties generally have not met their responsibility "to secure the just, speedy, and inexpensive determination" of this action (Fed. R. Civ. P. 1), and that they have repeatedly failed to follow the Court's Local Rules. Now that the pleadings are settled, the Court encourages the parties to focus on the merits of the claims and to litigate this case in a

---

[1] Plaintiff's current counsel did not appear in this action until October 2017, after the filing of the Second Amended Complaint and of the Third Party Complaint. *See* Dkt. No. 41. Counsel subsequently filed three motions to dismiss and two motions for sanctions.

[2] Plaintiff's counsel's observation has not stopped him from appealing this Court's denial of his motion for sanctions filed on behalf of the now-dismissed Third Party Defendants. *See* Not. of Appeal, Dkt. No. 90.

2

cooperative, efficient manner for the benefit of their clients. In the undersigned's experience, scorched-earth litigation tactics do not benefit anyone, unnecessarily burden the parties, and drain the resources of the Court.

**IT IS SO ORDERED.**

Dated: March 28, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge